### LASKY v. COVERDALE et al.

(Supreme Court, Appellate Term, First Department.   October 23, 1913.)

1. CONTRACTS (§ 229*)—CONSTRUCTION—COMPENSATION FOR SERVICES.

   Where a contract provided that "the profits are to be divided as follows, * * * and L. to receive $25 weekly," L.'s salary was to be paid only out of the profits, and no recovery can be had on the contract, without a showing that there were profits.

   [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1045–1057, 1059–1066, 1070, 1077; Dec. Dig. § 229.*]

2. APPEAL AND ERROR (§ 671*)—QUESTIONS PRESENTED FOR REVIEW—LAW OF THE CASE.

   Where the record does not disclose a previous decision of the case, which appellant contends establishes the law of the case, the effect of such decision cannot be considered.

   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2867–2872; Dec. Dig. § 671.*]

Appeal from City Court of New York, Special Term.

Action by Jesse L. Lasky against Minerva Coverdale and another. From an order of the City Court, denying defendants' motion for judgment on the pleadings, defendants appeal.   Order reversed.

Argued October term, 1913, before SEABURY, GUY, and BIJUR, JJ.

O'Brien, Malevinsky & Driscoll, of New York City (Arthur F. Driscoll, of New York City, of counsel), for appellants.

Leon Laski, of New York City, for respondent.

BIJUR, J.   [1] The question involved on this appeal is the sufficiency of the complaint, which alleges that plaintiff has duly performed a contract with defendants, that he has become entitled to $25 a week, and that no part of the same has been paid.   The contract is made part of the complaint.   It provides that:

"All profits are to be divided as follows: Miss Coverdale is to receive one-half of salary received, * * * after commissions have been paid.   Mr. White is to receive one-half of salary, and Mr. Lasky is to receive $25 weekly, for services rendered."

It seems to me to be clear, both from the purposes of the agreement as a whole and from the context, as well as from the precise terms just quoted, that the plaintiff was to be paid only out of profits.   Apart from the question, therefore, whether an action at law could be main-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tained under this contract, the absence of an allegation that there were profits prevents any recovery.

[2] Appellants urge that a previous decision in this litigation has established the law of the case. As the record discloses no such proceeding, we are unable to consider the point.

Order reversed, with $10 costs and disbursements, with leave to plaintiff to serve an amended complaint within six days, upon payment of costs in this court and in the court below. All concur.