(84 Misc. Rep. 34)

### LASKY v. COVERDALE et al.

(Supreme Court, Appellate Term, First Department. February 11, 1914.)

1. PLEADING (§ 312*)—CONSTRUCTION—INSTRUMENT IN SUIT.
   Where the contract sued on is made a part of the complaint, the rights of the party must be determined by the contract rather than the allegations of the complaint as to its effect.
   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 943, 946, 948; Dec. Dig. § 312.*]

2. PARTNERSHIP (§ 108*)—ACTIONS BETWEEN PARTNERS—NECESSITY OF ACCOUNTING.
   In absence of an accounting between partners and a balance struck and a promise made to pay, a common-law action between them will not lie.
   [Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 157, 158, 160, 162–166; Dec. Dig. § 108.*]

3. COURTS (§ 188*)—JURISDICTION—CITY COURT—PARTNERSHIP ACCOUNT.
   The City Court of New York has no jurisdiction of an action for a partnership accounting, as such accounting may only be had in an action in equity.
   [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 439, 440, 442, 447, 448, 451, 452, 454, 458, 464, 465, 467, 468; Dec. Dig. § 188.*]

Appeal from City Court of New York, Special Term.

Action by Jesse L. Lasky against Minerva Coverdale and another. From a judgment denying defendants' motion for judgment on the pleadings, defendants appeal. Reversed, and motion granted.

Argued February term, 1914, before SEABURY, GUY, and DELANY, JJ.

O'Brien, Malevinsky & Driscoll, of New York City (Arthur F. Driscoll, of New York City, of counsel), for appellants.

Leon Laski, of New York City, for respondent.

SEABURY, J. This is an appeal by the defendants from an order denying defendants' motion for judgment on the pleadings. The sufficiency of the complaint alone is involved. The original complaint was held insufficient in this court. Lasky v. Coverdale, 143 N. Y. Supp. 756. Since that time an amended complaint has been served, but it does not obviate the difficulty involved in the plaintiff's position. The amended complaint alleges that the plaintiff and the defendants entered into a copartnership for the production of a vaudeville sketch during the season of 1912–13. The copartnership agreement is annexed to the amended complaint, and contains the following provisions:

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"All the profits are to be divided as follows: Miss Coverdale is to receive one-half of salary received, after commissions have been paid, Mr. White is to receive one-half of salary, and Mr. Lasky is to receive twenty-five dollars weekly for services rendered."

[1] The contract being a part of the complaint, the rights of the parties are to be determined by it, rather than by the allegations of the complaint as to the effect of the contract. Cupples Envelope Co. v. Lackner, 99 App. Div. 231, 90 N. Y. Supp. 954.

[2] In the absence of allegations showing that there was an accounting between the parties, a balance struck, and a promise to pay, a common-law action between the parties will not lie.

[3] Under the contract it is impossible to ascertain what amount, if any, is due the plaintiff without an accounting. Upon an accounting it would be possible to determine the money received in the joint venture and the expenses incurred, and if there were any profits to apportion them among those entitled to share in them. It is clear from the contract that the plaintiff was only entitled to receive $25 weekly provided there were profits. Such an accounting can only be had in an action in equity, which is not within the jurisdiction of the City Court of New York. In Voegtlin v. Bowdoin, 54 Misc. Rep. 254, 104 N. Y. Supp. 394, this court had under consideration a somewhat similar contract, and the court said:

"This agreement constituted the parties to it partners, and their rights and liabilities are to be determined upon the same principles as are applied by courts of equity to partnership transactions. Wilcox v. Pratt, 125 N. Y. 688, 25 N. E. 1091; Mitchell v. Tonkin, 109 App. Div. 165, 95 N. Y. Supp. 669; Jones v. Walker, 51 Misc. Rep. 624, 101 N. Y. Supp. 22. A common-law action between partners 'will not lie until after a full accounting, balance struck, and an express promise to pay.' Mitchell v. Tonkin, supra; Belanger v. Dana, 52 Hun, 39, 43, 4 N. Y. Supp. 776. No such situation as this existed between the parties to the contract alleged in the complaint."

It follows that the order should be reversed, with $10 costs and disbursements, and defendants' motion for judgment on the pleadings dismissing the complaint should be granted, with $10 costs. All concur.