ISIDORE KLATZKO, Respondent, *v.* OLGA GOLODETZ, Defendant, Impleaded with BENGOL TRADING CO., INC., Appellant.

First Department, November 5, 1920.

**Injunction — suit by judgment creditor on judgment obtained in City Court of New York — complaint must allege facts showing jurisdiction of said court — injunction order must state grounds upon which it is granted.**

The City Court of the City of New York is not a court of general jurisdiction and its jurisdiction to enter judgment will not be presumed. Hence an injunction *pendente lite* should not be granted in a suit by a judgment creditor who obtained judgment in the said City Court, where the complaint on which the injunction is sought does not allege facts showing the jurisdiction of the court.

Moreover, an injunction order must recite the grounds upon which it is granted as required by section 610 of the Code of Civil Procedure.

APPEAL by the defendant, Bengol Trading Co., Inc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 12th day of May, 1920, granting plaintiff's motion for an injunction *pendente lite* and appointing a receiver of certain money, the property of defendant Olga Golodetz, which was in the possession of the defendant Bengol Trading Co., Inc.

*Lester M. Rosenbloom* of counsel [*Kornblueh & Hutter,* attorneys], for the appellant.

*William Feinberg* of counsel [*Feinberg & Feinberg,* attorneys], for the respondent.

GREENBAUM, J.:

The action is brought by the assignee of the judgment creditor of the defendant Golodetz to recover from the defendant corporation, Bengol Trading Co., Inc., moneys alleged to belong to the judgment debtor and claimed to be held for her by the defendant corporation. The foundation of the action, therefore, depends upon the existence of a valid judgment, which the complaint alleges was entered in the City Court of the City of New York.

The appellant moved to vacate the injunction upon the ground that the papers upon which it was granted are defective and notably in that the complaint fails to allege that the City Court of the City of New York had jurisdiction of either the person of the defendant in that action or the subject-matter thereof.

Appellant's point is well taken. The City Court is a court not of general jurisdiction, and, hence, jurisdiction to enter the judgment will not be presumed, but must be alleged as a fact. This has been held in many cases. (*Gilbert* v. *York,* 111 N. Y. 544; *Werbelovsky* v. *Michael,* 106 App. Div. 138; *Frees* v. *Blyth,* 99 id. 541.)

Another serious defect in the injunction order is that it fails to recite the grounds upon which it was granted as required by section 610 of the Code of Civil Procedure.

The order is reversed, with ten dollars costs and disburse-

ments, and the motion for an injunction denied, with leave, however, to renew upon proper papers and upon payment of costs.

CLARKE, P. J., DOWLING, SMITH and PAGE, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion for injunction denied, with leave to plaintiff to renew upon proper papers and on payment of said costs.