ROSE V. HANEY, as Executrix, etc., Respondent, v. PENNSYLVANIA RAILROAD COMPANY and Another, Appellants.— Order affirmed, with ten dollars costs and disbursements. All concur.

In the Matter of the Intermediate Judicial Settlement of the Accounts of SECURITY TRUST COMPANY OF ROCHESTER, as Executor of JAMES G. ARDREY, Deceased. EUGENE VAN VOORHIS, as Guardian, etc., and Others, Appellants; IDA C. ARDREY, Respondent.— Decree affirmed, with costs to the respondent payable out of the estate. All concur.

JOHN B. O'BRIEN and Others, Respondents, v. TONAWANDA BOARD AND PAPER COMPANY, Appellant.— Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. Held, the matter alleged in paragraph 8 of the complaint might have been material in the suit in equity for specific performance, but under the issue as now framed for damages sustained by plaintiff for defendant's alleged breach of the contract, it is at least irrelevant, the defendant is aggrieved, and it should be stricken out. All concur.

In the Matter of the Application of the WESTERN NEW YORK WATER COMPANY, Appellant, Respondent, for Writ of Certiorari to ANTHONY HARTUNG and Others, as Assessors of the Village of Depew, Respondents, Appellants.— Judgment affirmed, without costs of this appeal to either party. All concur.

CHARLES A. WHITE, as Administrator, etc., of MICHAEL MACZINIFSKI, Deceased, Respondent, v. THOMAS KOPRUCKI, Appellant, Interpleaded by JAMES J. CUFF, as President, etc., Defendant.— Judgment affirmed, with costs. All concur.

In the Matter of the Application for Dissolution of M. CUSHMAN & COMPANY, Respondent. BRIGGS BROS. & COMPANY, Appellant.— Order affirmed, with costs. All concur.

JOHN D. LEOPOLD, Appellant, v. MICHAEL HICKEY and Another, Respondents.— Interlocutory and final judgments and order reversed, and demurrer overruled, with costs, with leave to the defendants to plead over within twenty days upon payment of the costs of the demurrer and of this appeal. Held, that the complaint states facts sufficient to constitute a cause of action. Upon demurrer the validity of the complaint must be determined from the pleading itself. Nothing else can be considered. If the complaint states facts which, standing alone, state a cause of action, the demurrer must be overruled, no matter what the court may think about the justice of the claim or the probability of the plaintiff finally succeeding upon the trial of the action. All concur.

THE JOHNSTON HARVESTER COMPANY, Respondent, v. JAMES C. WAFER, Appellant.— Judgment affirmed, with costs. All concur.

WILLIAM REIFEL, Respondent, v. BUFFALO BURIAL PARK ASSOCIATION, Appellant.— Judgment affirmed, with costs. All concur.

VILLAGE OF MOUNT MORRIS and Others, Respondents, v. PAVILION NATURAL GAS COMPANY, Appellant.— Order affirmed, with ten dollars costs and disbursements. All concur,