JAMES O. ROBINSON, Appellant, v. ST. JOHN'S GUILD and CEDAR GROVE BEACH CORPORATION, Respondents.

Second Department, June 10, 1921.

Injunction — suit to enjoin maintenance of obstruction in right of way — after dominant and servient tenements vest in one person subsequent grant does not revive right of way — plaintiff not entitled to mandatory injunction on pleadings.

In a suit to enjoin the maintenance of a fence and other obstructions in an alleged right of way it appeared that the conveyance to the plaintiff made no reference to the right of way and did not contain any grant of an easement, that there was no public acceptance of the dedication of the alleged right of way and no averment of such a continuous user as would make out a subsisting private easement, also that the dominant and servient tenements had become vested in a predecessor in title.

*Held,* that when the dominant and servient tenements were merged and the rights were unified in the title of the predecessor, the subsequent conveyances by said predecessor referring to the " aforesaid deed to the party of the first part " did not regrant or revive the right of way;

That the plaintiff was not entitled to a mandatory injunction on the complaint and demurrer for insufficiency, since that can be granted only where the allegations of the complaint are so technically correct as to obviate the necessity of proof to exclude the exercise of the court's discretion.

APPEAL by the plaintiff, James O. Robinson, from an order of the Supreme Court, made at the Richmond Special Term and entered in the office of the clerk of the county of Richmond on the 26th day of June, 1920, denying plaintiff's motion for judgment on the pleadings in a suit to enjoin the maintenance of a fence and other obstructions in an alleged right of way in the fourth ward of the borough of Richmond (formerly the town of Southfield).

Defendants had separately demurred to the complaint for insufficiency.

*L. W. Widdecombe,* for the appellant.

*Joseph Larocque,* for the respondent St. John's Guild.

*John G. Clark,* for the respondent Cedar Grove Beach Corporation.

PUTNAM, J.:

Plaintiff's conveyance has no reference to any right of way from Cedar Grove avenue to the beach, and contains no grant of an easement in defendants' lands. His pleading does not show him entitled to a mandatory injunction to remove fences and buildings which closed this way in 1906, fourteen years before bringing this suit and ten years before his purchase of lands to the westward of these lots. Furthermore, there was no public acceptance of the dedication of 1847, and no averment of such a continuous user as would make out a subsisting private easement. When dominant and servient tenements met and the rights were unified in the title of Susan A. Burbank, in whom all of lot No. 7 became vested in 1874, the subsequent conveyances referring to the " aforesaid deed to the party of the first part," taken in connection with the facts then appearing, did not regrant or revive this right of way. (*Wheeler* v. *Clark,* 58 N. Y. 267; *Parsons* v. *Johnson,* 68 id. 62.) Unless all the allegations of the complaint are so technically correct as to obviate the necessity of proof to exclude the exercise of the court's discretion, a mandatory injunction should not be granted by means of such a motion upon the pleadings.

I advise, therefore, that the order be affirmed, with ten dollars costs and disbursements, and with leave to amend the complaint on payment of costs.

BLACKMAR, P. J., MILLS, KELLY and JAYCOX, JJ., concur.

Order affirmed, with ten dollars costs and disbursements, with leave to amend the complaint on payment of costs.