ROSCOE C. RYDER, Plaintiff, v. BYRNE A. PYRKE, as Commissioner of the Department of Farms and Markets of the State of New York, Defendant.

Supreme Court, Onondaga County, September 30, 1927.

Agriculture — dairy cattle — action to restrain defendant from applying tuberculin test to plaintiff's herd — motion by defendant to vacate temporary injunction and for judgment on pleadings — Agriculture and Markets Law, § 78, as amd. by Laws of 1927, chap. 213, authorizes Commissioner of Agriculture and Markets to make tuberculin test of any cattle — statute is constitutional — complaint charges that test would be detrimental and cause irreparable injury and that defendant is trying to ruin plaintiff — complaint states cause of action — answer raises issue — judgment on pleadings denied both sides — temporary injunction continued.

The plaintiff alleges in his complaint that the defendant, through his agents, is about to apply the tuberculin test to the defendant's dairy herd, that if the test is applied the plaintiff's herd will be damaged and the plaintiff irreparably injured and that the purpose of the defendant, who is antagonistic to the plaintiff, is to ruin the plaintiff. Under section 78 of the Agriculture and Markets Law, as amended by chapter 213 of the Laws of 1927, the Commissioner of Agriculture and Markets is authorized to apply the tuberculin test to any cattle within the State whether the cattle are located within a tested or untested town. Said statute as amended is constitutional.

The complaint states a good cause of action in equity for an injunction and the defendant is denied judgment on the pleadings.

However, the answer raises material issues which must be tried and, therefore, plaintiff cannot have judgment on the pleadings. The temporary restraining order is continued until the trial of the action.

MOTION by defendant to vacate the temporary restraining order granted herein and for judgment on the pleadings.

*Pratt & Fowler*, for the plaintiff.

*Albert Ottinger*, Attorney-General [*Maurice J. Kaman* and *George L. Flanders* of counsel], for the defendant.

DOWLING, WILLIAM F., J. Plaintiff is a farmer, residing on leased premises in the town of Lafayette, Onondaga county, N. Y., where he maintains a herd of bovine animals for the purpose of producing milk in liquid form for public consumption, the said dairy consisting partly of registered stock and partly of grade

cattle. It appears from the complaint that these cattle have been " physically examined " by competent veterinarians in the employ of the department of health of the city of Syracuse, who certified them to be in good physical condition. It is further claimed that the said herd meets the requirements of the board of health of said city relating to the production and sale of milk therefrom. Plaintiff also alleges that the town of Lafayette is not a " tested town " within the meaning of the Farms and Markets Law (now the Agriculture and Markets Law); * that he has never requested that his herd be tested by the defendant, and that he objects to the tuberculin test being given to his said cattle; that the defendant, by his agents, visited the plaintiff's farm and demanded access to his dairy so that said dairy might be given the tuberculin test; that plaintiff refused to allow the test to be made, and that the defendant, his agents and servants, threatened to enter the stables where said herd were confined, by force, and administer said tuberculin test to said cattle. Plaintiff further alleges that it is the intention of the defendant and his agents to enter said premises by force, and to administer the tuberculin test to his said cattle; that said test, as administered by the defendant to other herds, has proven injurious to them, resulting in loss of production of milk and in detriment to the health of the cattle so tested; that he has incurred the enmity of the defendant and his servants by refusing to request that the tuberculin test be given to his cattle; that the proposed test of his cattle is not made in good faith, but solely for the purpose of ruining the plaintiff's dairy by slaughtering such numbers thereof as may meet the defendant's fancy, and of inflicting loss and hardship upon the plaintiff, he claiming that said test may be so given that perfectly healthy cows will be made to react as if they were in fact infected with tuberculosis.

Plaintiff further claims that his herd is very valuable; that if his herd is tested and condemned, he will suffer a great loss, owing to the fact that the compensation recoverable by him would not adequately meet the measure of his damages. By his amended complaint, plaintiff also alleges and maintains that section 78 of the Agriculture and Markets Law, as amended by chapter 213 of the Laws of 1927, in effect March 21, 1927, is unconstitutional and confers on defendant no legal right or authority to forcibly test plaintiff's herd. Plaintiff also alleges that he has no adequate remedy at law, and prays for judgment that the defendant, his agents and servants, be perpetually restrained from subjecting plaintiff's bovine animals to the tuberculin test until and unless

---

* See Laws of 1927, chap. 207.— [REP.

ninety per cent of the town of Lafayette, N. Y., have been tested, or the county of Onondaga shall have become a tested county.

The defendant interposes an answer, wherein he admits that it is his intention to give the plaintiff's herd the tuberculin test as authorized under section 78 of the said law. The defendant denies that he or his agents have any ill-feeling or ill-will towards the plaintiff; that he, or they, have ever threatened to enter the premises of the plaintiff by force so as to give his cattle the tuberculin test; that plaintiff's cattle, in the event of a test, will not be indiscriminately condemned or slaughtered, as claimed by the plaintiff, but that, on the contrary, none of said cattle will be condemned or slaughtered except such as are found to be afflicted with the disease of tuberculosis; that it is, and always has been, defendant's practice to proceed in such cases only in accordance with the laws of the State of New York and with fairness and impartiality towards every herd owner; that he intends to and will proceed in the instant case no differently than he has in the past. Defendant also denies that there is any method for administering said test which will result in a perfectly healthy cow reacting as if she were afflicted with tuberculosis. The defendant also alleges that the plaintiff has an adequate remedy at law.

On the application of plaintiff, an *ex parte* restraining order was granted, restraining the defendant, his agents and servants, pending the action, from forcibly entering upon the premises of the plaintiff in the town of Lafayette, Onondaga county, N. Y., and injecting tuberculin into the cattle or bovine animals of the plaintiff or from otherwise interfering with the cattle of the plaintiff.

Motion is now made to vacate said temporary restraining order and for judgment on the pleadings, upon the ground that an equitable action will not lie to restrain a State officer from performing the duties imposed upon him by law, unless the act under which said officer is proceeding has been declared unconstitutional.

The act under which the defendant is proceeding, in March, 1927, just prior to the aforementioned amendment to section 78, was declared constitutional. (*People* v. *Teuscher*, 129 Misc. 94.) (The *Teuscher* case is now on appeal in the Appellate Division, Fourth Department, which court will undoubtedly pass upon the question in the very near future.)

Courts of equity will not generally interfere with public officers in the discharge of their duties unless the acts under which they are proceeding have been declared unconstitutional, except in special cases where property rights, which might be irreparably injured, are involved, or in cases where the official under the guise of law is bent upon enforcing a private grievance against a citizen.

Upon the argument of this motion, the defendant contended that the plaintiff was unaware of the amendment to section 78 of the said act authorizing the defendant to make the test complained of, and that the complaint did not raise the constitutionality of the said act or of the said act as amended. By consent of the defendant, plaintiff was allowed to amend the complaint so as to raise the constitutionality of said act and of section 78 thereof as amended, as aforesaid.

Under the provisions of section 78, prior to the amendment of 1927, the Commissioner had a right to make a physical examination, by a competent veterinarian, of dairy cows whose milk was marketable in liquid form or manufactured into butter, cheese or other food for human consumption. Such physical examination might be made as frequently as available funds would permit and as conditions might necessitate. Under the amendment of March 21, 1927, the Commissioner is authorized to make a tuberculin test in conjunction with a physical examination of the herd. The plaintiff maintains that such a tuberculin test can legally be given only at the request of the owner of the herd.

Plaintiff further contends that section 78, as amended, must be read together with section 76 and section 79, and construed to give authority to the Commissioner for testing only in a tested town where ninety per cent of the cattle have already been tested; in other words, it is the claim of the plaintiff that the defendant has no legal authority to forcibly test herds in an untested town. Plaintiff also contends that the amendment to section 78 is unconstitutional, in that it provides for the condemnation and confiscation of his property without reimbursement. The said amendment to section 78, in my opinion, is constitutional. I also think that the Commissioner has a right to cause a physical examination of, when the funds necessary for such purpose are available, and to administer the tuberculin test to, any dairy in the State, whether it is located in a tested or an untested town. We are not primarily concerned as to whether or not said act, as amended, is constitutional because the complaint claims that defendant threatens to and intends to destroy his herd, whether or not it is afflicted with tuberculosis. Such an act defendant, although a State officer, cannot legally commit.

In this state of the case, the defendant moves for judgment on the pleadings under rule 112 of the Rules of Civil Practice. On a motion of this kind, the facts stated in the pleadings are admitted by the parties to be true, and the pleadings will be liberally construed. (*Felt* v. *Germania Life Ins. Co.*, 149 App. Div. 14, 16; *Morey* v. *Schuster*, 159 id. 602, 603; *Guggenheim* v. *Guggenheim*, 95 Misc.

332.)  The answer cannot be considered in determining whether the complaint states facts sufficient to constitute a cause of action. (*People* v. *O'Brien*, 157 App. Div. 119; 209 N. Y. 366, 369.)  The broad question presented then resolves itself into the inquiry, Does the complaint state facts sufficient to constitute a cause of action against the defendant?

In testing the sufficiency of the complaint, the following facts alleged therein are deemed to be true:

(a) Plaintiff is the owner of a dairy which is located in an untested town and county of this State.

(b) The milk from plaintiff's dairy is produced and sold in liquid form for public consumption in the city of Syracuse.

(c) Plaintiff's cattle have been examined by competent veterinarians in the employ of the health department of Syracuse, N. Y., who have pronounced them to be in good physical condition.

(d) The plaintiff never requested defendant to examine or test his herd and objects to his herd being tested, claiming the tuberculin test as heretofore administered to bovine animals by the defendant has proven very detrimental to healthy cows and serves to lessen the quantity of milk produced.

(e) The defendant, his agents and servants, because of the fact that plaintiff refused to request them to test his herd, have developed hostile feeling and ill-will towards plaintiff and have threatened to forcibly inspect and give the tuberculin test to plaintiff's dairy, well knowing that said dairy is in a healthy condition.

(f) That defendant, to injure plaintiff in his property rights, intends to improperly administer said tuberculin test to plaintiff's cattle so that they will react to said test as if they were in fact afflicted with tuberculosis, with the illegal purpose of condemning and slaughtering plaintiff's said dairy or the greater part thereof.

(g) That the defendant, his agents and servants, have singled out the plaintiff, unjustly, for the purpose of financially ruining the plaintiff.

(h) That defendant's threat to so act against plaintiff is imminent.

(i) That, in case plaintiff's dairy is tuberculin tested, as threatened by the defendant, plaintiff will suffer irreparable injury and damage and that he has no adequate remedy at law.

The answer interposed herein puts in issue the aforesaid facts by a denial thereof, and further alleges as a separate and distinct defense the following:

" That the plaintiff is and at all times mentioned in the complaint was engaged in the dairy business within the State of New York and is and was marketing milk in liquid form which is and was drawn from the cows that the defendant herein seeks to test.

" That the defendant is authorized by section 78 of the Farms and Markets Law as amended by Chapter 213 of the Laws of 1927, in effect March 21, 1927, to cause a physical examination and a tuberculin test to be made by competent veterinary of dairy cows whose milk is marketed in liquid form or manufactured into butter, cheese, or other food for human consumption.

" That the acts of the defendant committed or threatened against this plaintiff are in compliance with the directions of the laws of the state of New York and in furtherance of the official duties of the defendant as Commissioner of Agriculture and Markets and of his sworn obligation to carry out and uphold the said laws of the state of New York."

This motion must be determined solely on the pleadings. (*Welch* v. *City of Niagara Falls,* 210 App. Div. 170, 174.) Consequently this court is not permitted to inquire into the truth of the allegations set up in the complaint.

Having moved for judgment on the pleadings, the defendant finds himself in the anomalous position of admitting the above allegations of the complaint to be true, notwithstanding the fact that he has denied their truth in his answer. Hence, among other things, the defendant admits to be true that he intends to destroy the plaintiff's dairy, regardless of whether or not it is afflicted with tuberculosis.

In view of the foregoing, I think the complaint states a cause of action which is maintainable in equity. (*Biddles, Inc.,* v. *Enright,* 239 N. Y. 354, 368.) The motion for judgment for the defendant on the pleadings is, therefore, denied.

Is the plaintiff entitled to judgment on the pleadings? Rule 112 of the Rules of Civil Practice provides: " Motion for judgment on the pleadings after issue joined. If either party be entitled to judgment on the pleadings, the court may, on motion, give judgment accordingly, and without regard to which party makes the motion."

Although the answer cannot, on a motion of this kind, be considered on the question as to whether or not the complaint states facts sufficient to constitute a cause of action, it, nevertheless, may serve to put in issue the allegations of the complaint, which the answer here very plainly does. It raises certain issues of fact which must be determined on a trial. (*Guggenheim* v. *Guggenheim, supra.*) Plaintiff, therefore, is not entitled to judgment on the pleadings.

Should the temporary restraining order, herein granted, be vacated? In view of the fact that the complaint charges that defendant intends, unless restrained, to commit an illegal act against him,

and that if such act is permitted to be done before the trial of this action plaintiff will suffer irreparable injury for which he has no adequate remedy at law, I think the restraining order heretofore granted herein should be continued pending the trial of this action, which can be had in December, 1927.

The motion is, therefore, denied in all particulars, without costs.

Ordered accordingly.