GEORGE H. SWEET and Another, Plaintiffs, *v.* JOSEPHINE L. HOLLEARN, Defendant.

Supreme Court, Fulton County, August 4, 1931.

*Maider & Maider*, for the plaintiffs.

*.T. Cuthell Calderwood*, for the defendant.

HEFFERNAN, J.[*] On October 12, 1928, defendant was the owner of a tract of land situated in the village of Northville comprising about ten acres in area. On that day she conveyed to plaintiffs, by warranty deed, a portion of these premises. Plaintiffs' deed contains the following restriction: " It is hereby understood and agreed that only one dwelling house and private garage shall be built on the above described premises, and that no public garage or manufacturing or mercantile business of any kind shall be carried on on any part of said premises, and any violations contrary to this paragraph shall render this indenture null and void, and the property hereby conveyed shall revert to the party of the first part, her heirs or assigns."

Plaintiffs have brought this action to restrain defendant from conveying any portion of the remainder of the land unless this restriction is incorporated in such conveyance.

The complaint, after alleging these facts, charges, in substance, that on July 27, 1926, defendant conveyed a portion of the same lands to one Durand, containing a similar restriction; that defendant made numerous representations to plaintiffs and others to the effect that the remaining lands owned by her were to be restricted in their use to the erection of one family dwelling houses to the end that the property should become a residential district and that it was defendant's purpose in incorporating the restriction herein referred to, in the conveyance, to establish upon all of the property a uniform plan of improvement restricting the uses to residential ones, and that plaintiffs had a like purpose in mind in accepting the deed containing these restrictions; the complaint also alleges that it was the intention and purpose to sell the remainder

. .of defendant's lands with reference to such a plan of improvement and development, and that the benefit of such restriction was to inure to plaintiffs and their successors; it is also alleged that plaintiffs relied upon these representations of the defendant and expended large sums of money in the improvement of their property and its development and that such improvement would not have been made by plaintiffs except for the fact that they believed that this restriction was to be imposed on the remainder of the defendant's property. It is further alleged that defendant has given an option to central school district No. 1 of Northampton and Mayfield for the conveyance of practically all the remaining lands for school purposes and that the conveyance from defendant would not contain a covenant on the part of the grantee consistent with the conditions inserted by the defendant in plaintiffs' deed; it is also alleged that it is the purpose of the school district to erect upon these lands a school building to be used by the pupils of the village as well as surrounding towns; then follows an allegation that the value of plaintiffs' land will be lessened for residential purposes and that its rental and sale value will be substantially decreased and that its desirability for residential purposes will be diminished.

Defendant has answered denying every material allegation of the complaint. Her pleading also contains a number of separate defenses, among others, that the restrictions sought to be enforced are void and unenforcible under the Statute of Frauds.

After answering defendant moved to dismiss the complaint on the ground of insufficiency pursuant to section 476 of the Civil Practice Act and rule 112 of the Rules of Civil Practice. By making this motion defendant admits every material fact set out in the complaint. On such a motion not only must all the material allegations of the complaint be considered admitted and taken as true when attacked for insufficiency but every legitimate inference to be drawn therefrom must be resolved in favor of the pleading. (*Hurwitz* v. *Hurwitz*, 216 App. Div. 362.)

· Defendant's counsel strenuously insists that on this motion I must consider the defenses contained in the answer. In this, it seems to me that he is mistaken. I am not concerned with the merits of this litigation. Whether or not plaintiffs can ultimately succeed is not now before the court for decision. The sole inquiry here relates to the sufficiency of the complaint. That is the only pleading to be considered. (*People* v. *O'Brien*, 157 App. Div. 119; modfd. on other grounds, 209 N. Y. 366; *Ryder* v. *Pyrke*, 130 Misc. 505.) As was said by Mr. Justice DOWLING in the last-mentioned case: " Having moved for judgment on the pleadings, the defendant finds himself in the anomalous position of admitting the above

allegations of the complaint to be true, notwithstanding the fact that he has denied their truth in his answer."

By the settled doctrine of equity restrictive covenants in respect to land will be enforced by preventative remedies while the violation is still in prospect, unless the attitude of the complaining owner in standing on his covenant is unconscionable or oppressive. (*Evangelical Lutheran Church* v. *Sahlem*, 254 N. Y. 161.) Assuming the allegations of the complaint to be true, as I must, it states a cause of action. Where the owner of a tract of land contracts with the purchaser of successive parcels as to the manner of the occupation and improvement of such parcels he thereby affects the remainder of the land with an equity which requires that it also be occupied and improved in conformity with the general plan, and this equity is binding upon a subsequent purchaser of the remaining parcel, who has notice of the prior agreement, though his legal title be, in terms, unrestricted. This rule rests upon the doctrine of estoppel, that where a party, by his declaration or conduct, has induced another person to act in a particular manner, he will not afterwards be permitted to deny the truth of the admission if the consequence would be to work an injury to such other person or to some one claiming under him. (*Bimson* v. *Bultman*, 3 App. Div. 198; *Turner* v. *Howard*, 10 id. 555.) Parol representations and promises are effective, if proved, to establish a restriction.

The motion is, therefore, denied, with costs.