CHARLOTTE LIFKIND, Respondent, *v.* THOMAS R. WARD and Others, Appellants.

Third Department, January 11, 1939.

*Byrne, Jeram & Casey* [*Horace B. Casey* of counsel], for the appellants.

*Laughlin, Gerard, Bowers & Halpin* [*Stewart W. Bowers* of counsel], for the respondent.

HEFFERNAN, J. Defendants have appealed from two orders of the New York Special Term of the Supreme Court. One of these orders denied their motion for judgment on the pleadings pursuant to rule 112 of the Rules of Civil Practice; the other order granted plaintiff's cross-motion, made under rule 109 of the Rules of Civil Practice, to strike out an affirmative defense contained in the answer, on the ground that such defense, consisting of new matter, is insufficient in law.

The appeal was originally perfected in the Appellate Division, First Department. While pending in that department defendants procured a change of venue to Albany county and on their application the Appellate Division in the First Department transferred the appeal to our court for hearing and determination. (254 App. Div. 558.)

Defendants' motion for judgment on the pleadings was based on the grounds that (1) the amended complaint does not state facts sufficient to constitute a cause of action; (2) upon all the pleadings plaintiff is not entitled to recover as a matter of law; (3) that plaintiff has made an election of remedies and is estopped thereby.

Defendants' theory in moving to dismiss on the second and third grounds is not clear. In determining this motion they are not entitled to the benefit of any of the allegations of the answer as, of course, these allegations are deemed denied or traversed. (Civ. Prac. Act, § 243.) Defendants' motion must, therefore, be treated merely as one attacking the sufficiency of the amended complaint. On such a motion defenses contained in the answer cannot be considered. The sole inquiry relates to the sufficiency of the complaint. (*Sweet* v. *Hollearn*, 141 Misc. 135; *People* v. *O'Brien*, 209 N. Y. 366.) A motion to dismiss a complaint for insufficiency is a substitute for the old demurrer. (*Leopold* v. *Hickey*, 196 App. Div. 918; *Hirsch* v. *New England Navigation Co.*, 200 N. Y. 263.)

To intelligently discuss the questions presented it is necessary to consider in some detail the amended complaint, the material allegations of which are that the corporate defendant is a banking institution and that the individual defendants are officers thereof; that plaintiff is the owner of real estate in Schenectady, N. Y., on which property there had been erected a three-story apartment house; that on May 17, 1927, plaintiff borrowed from defendant bank the sum of $41,000 and delivered to it her bond for that amount by which she agreed to pay six per cent interest on the loan and to repay the principal amount by installment payments of principal of $500 payable semi-annually, the entire principal to be

repaid at the end of three years from its date, and as collateral security for the payment of the indebtedness on the same day she executed and delivered her mortgage to said defendant upon the premises owned by her; that subsequently she paid said defendant the sum of $2,750 in reduction of the principal debt; that prior to this transaction plaintiff had borrowed $10,000 from one Stoops and as collateral security therefor she executed a bond and second mortgage on the same premises, the mortgage being by its terms made subordinate to any first mortgage to be thereafter executed; it is alleged that the bond which plaintiff delivered to Stoops was in the principal sum of $13,000 and she agreed therein to pay interest at the rate of six per cent per annum; that Stoops for the making of the loan exacted from plaintiff a bonus of $3,000 in violation of the usury laws of this State; that thereafter Stoops exacted from plaintiff an additional bonus of $500 as a condition of renewing the loan; that thereafter plaintiff paid to Stoops $3,000 in reduction of the principal debt; that the Stoops bond and second mortgage as renewed were to expire on June 1, 1933; that Stoops demanded from plaintiff an additional bonus of $3,000 as a condition to the renewal of his mortgage, and threatened to foreclose the same unless that amount was paid; it is charged that at all times defendants assumed a paternalistic relationship to the plaintiff and purported at all times to give her aid and advice in relation to her property, and that she reposed trust and confidence in defendants, of which they were aware, and that defendants assumed a position of trust and confidence to the plaintiff and stated to the plaintiff that they deemed it to be the function of a bank holding a mortgage on property of a client to give such client aid and advice in the administration of the property, and further stated that they, meaning the officers and agents of the bank, were fully capable of giving sound advice from their loan experiences with mortgages and by reason of having the constant advice of capable lawyers; it is then asserted that on March 20, 1933, plaintiff, accompanied by her husband, went to defendant bank for the purpose of making a payment of interest upon the mortgage held by the bank; that plaintiff presented to the individual defendants a check for such interest and at the same time informed them of the facts herein stated as to the Stoops mortgage; that the defendants individually and acting as executive officers of defendant bank advised plaintiff to permit the bank to institute an action for the foreclosure of its mortgage in order to establish that the second mortgagee had no rights, and to permit the right of the plaintiff and the second mortgagee to be adjudicated if he should assert any rights, and after the mortgage was foreclosed the bank

would repurchase the property for the amount of its mortgage and reconvey the premises to plaintiff upon her execution of a new mortgage upon the premises for the same amount as the original mortgage, free from the lien of the second mortgage; the defendants also requested the plaintiff, pending such foreclosure, to assign the rents from the property to the bank and they assured her that in bringing such a foreclosure action they were acting for her best interests; the complaint then asserts that the representations made by defendants were false and known to be false when made; that defendants knew that the plan outlined by them could not accomplish its alleged purpose and that defendants had a present intention of not carrying out their plan and promises, but secretly intended to induce plaintiff to permit them to foreclose so that the property could be acquired for defendant bank; that the representations and promises of defendants were made with intent that plaintiff should act upon them; that plaintiff relied upon such promises and believed them to be true, and at the request of defendants accepted a return of the check for the interest on the mortgage and thereby created a default in the mortgage, and at the request of defendants and in reliance upon their representations she failed to pay the taxes on the property, thus creating another default in order to permit defendant bank to institute foreclosure proceedings; finally it is alleged that defendant bank instituted a foreclosure action, and plaintiff, in reliance upon the representations of defendants, defaulted in pleading in the action, thereby permitting the bank to acquire title to the property and to obtain a deficiency judgment in the sum of $4,790.36 against her, and that after acquiring title to the property the bank refused to comply with plaintiff's demand to reconvey title to her and that the bank is now the sole owner of such property free from the lien of any mortgage and that as a result of the conduct of defendants plaintiff has been damaged in the sum of $28,790.36.

Manifestly the complaint contains all the requisite allegations for an action in fraud and deceit. (*Pease & Elliman, Inc.*, v. *Wegeman*, 223 App. Div. 682; *People ex rel. Gellis* v. *Sheriff of Westchester County*, 251 N. Y. 33; *Deyo* v. *Hudson*, 225 id. 602.)

The affirmative defense which the court below struck out is predicated upon a theory of *res adjudicata*, and pleads a judgment dismissing the complaint in a prior action between the same parties. That judgment dismissed the complaint upon the merits and recites that it is " without prejudice to the plaintiff to bring any action in equity that she may have against said defendants."

The complaint in the prior action is annexed to the answer as an exhibit. That complaint clearly attempts to allege a cause of

action founded upon a breach of contract. The amended complaint is founded on fraud and deceit. In the complaint in the prior action there is no allegation of a false statement; there is no allegation of a false promise made with the present intention of not being kept; there is no allegation that any such statement or promise was made with intent to be relied upon; there is no allegation that any such statement was relied upon by plaintiff; and there is no allegation of any damages ensuing from any such false statement or promise. In other words, the complaint in the prior action does not contain a single allegation of fraud. On the other hand, the complaint in that action contains only express allegations of a contract and a breach thereof. The allegations in the complaint in the prior action are consistent only with an action sounding in contract, and are wholly inconsistent with an action sounding in fraud. The prior judgment is only conclusive on points directly in issue. If upon the trial of this action it should develop that points directly in issue and passed upon in the prior judgment are again sought to be litigated the prior judgment may be used as conclusive evidence of the fact or point determined and it is unnecessary for defendants to plead such adjudication in this suit. (*Hollenbeck* v. *Ætna Casualty & Surety Co.*, 215 App. Div. 609.)

The common-law rule, *nemo debet bis vexari pro una et eadem causa* — no man shall be twice vexed for one and the same cause — would seem to be its own interpreter. In order that the rule may be applied with uniform precision the courts have held that certain entities must concur to make a second action a second vexation. The two actions must have substantially the same parties who sue and defend in each case in the same respective character, the same cause of action, and the same object. The proper test seems to be whether the same evidence would sustain both. If the same evidence would sustain both, the two actions are considered the same, and the judgment in the former action is a bar to the subsequent action, although the two actions are different in form. If, however, different proofs would be required to sustain the two actions, a judgment in one is no bar to the other. It has been said that this method is the best and most accurate test as to whether a former judgment is a bar in subsequent proceedings between the same parties; and it has even been designated as infallible. (*International Paper Co.* v. *Purdy*, 136 App. Div. 189; *United States Fire Insurance Co.* v. *Adirondack Power & Light Corp.*, 206 id. 584; *Cook* v. *Conners*, 215 N. Y. 175; 15 R. C. L. 964, 965; 34 C. J. 806.)

Obviously the proof required to sustain a cause of action on contract is entirely different from the proof necessary to sustain

a cause of action based on fraud and deceit. In the one case the recovery is based upon the express liability assumed by a person in his contract, and in the other case upon the liability incurred for a violation of the duty of honesty and fair dealing which the law enjoins upon one in his transactions with another.

The judgment in the prior action is not *res adjudicata* in the present action. (*Shepard Co.* v. *Taylor Publishing Co.*, 198 App. Div. 638; affd., 234 N. Y. 465; *Marsh* v. *Masterton*, 101 id. 401; *Belden* v. *State*, 103 id. 1; *Jasper* v. *Rozinski*, 228 id. 349; *Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.*, 250 id. 309; *Slote* v. *Cascade Holding Corp.*, 276 id. 239; *Ney* v. *Zimmerman*, 207 App. Div. 195; *Harkavy* v. *Ginzburg*, 180 id. 419; *Lee Auto Service, Inc.*, v. *Miller*, 188 N. Y. Supp. 844.) The burden of proof to show that a judgment is *res adjudicata* is upon the one asserting it. (*Jasper* v. *Rozinski, supra.*)

Finally defendants insist that plaintiff, by bringing the prior action, has made an election of remedies which estops her from bringing this action. An election of remedies presupposes a right to elect. (*Liston* v. *Hicks*, 243 App. Div. 159; affd., 269 N. Y. 535.) Plaintiff had no remedy on the theory of breach of contract. The judgment in the former action definitely determines that. Plaintiff was nonsuited at the close of her case. The only thing adjudicated in that action was the question of law as to whether plaintiff had established a cause of action on contract. The court held that she had not. No facts were adjudicated, no findings made and there was no verdict. The plaintiff failed because her action was misconceived, and for a cause not warranted by the facts proved. The legal effect of what she did was not to make a choice between inconsistent remedies but a futile attempt to pursue a remedy not available to her. The judgment in the former action, therefore, is no bar to a claim for a sufficient cause. The fact that plaintiff sought to avail herself of a remedy denied to her by law does not warrant the conclusion that because of her mistake we must now hold that she thereby renounced forever the only remedy she had. (*Schenck* v. *State Line Telephone Co.*, 238 N. Y. 308.)

The orders appealed from should be affirmed, with fifty dollars costs and disbursements.

RHODES and CRAPSER, JJ., concur; McNAMEE, J., concurs in the result; HILL, P. J., concurs in the affirmance of the order denying the motion to dismiss the complaint, but dissents from the decision affirming the order striking out the second defense in the answer.

Orders affirmed, with fifty dollars costs and disbursements.