HYMAN RABINOWITZ et al., Plaintiffs, *v.* CEE BEE OIL Co., INC., Defendant.

City Court of the City of New York, Special Term, Bronx County, October 7, 1949.

*Monroe Goldwater* and *Leon Liner* for defendant.

*Irving C. Nachbar* for plaintiffs.

BONEPARTH, J. Motion by defendant, pursuant to rule 112 of the Rules of Civil Practice and section 476 of the Civil Practice Act, for judgment on the pleadings, dismissing the complaint, on the ground that it fails to state a cause of action, and for other relief.

Both sides have submitted affidavits. Such affidavits may not be considered, on a motion, under rule 112, and under section 476 of the Civil Practice Act, (except for the limited purpose indicated in the decisions herein cited). Furthermore, consideration thereunder is limited to the pleading under attack (the complaint herein), which is assumed for the purposes of the motion to be true. The assumption that the allegations of the

complaint herein are true, for the purposes of this motion, is qualified by the rule, that conclusions of law and fact are not admitted or assumed to be true.

The affirmative defenses set up in the answer cannot be considered.

In *Sweet* v. *Hollearn* (141 Misc. 135, 137) the court said: '' After answering defendant moved to dismiss the complaint on the ground of insufficiency pursuant to section 476 of the Civil Practice Act and rule 112 of the Rules of Civil Practice. * * * Defendant's counsel * * * insists that on this motion, I must consider the defenses contained in the answer. In this, it seems to me that he is mistaken. I am not concerned with the merits of this litigation. Whether or not plaintiffs can ultimately succeed is not now before the court for decision. The sole inquiry here relates to the sufficiency of the complaint. That is the only pleading to be considered. * * * '' (See, also, *Lefler* v. *Clark,* 247 App. Div. 402, 404, and *Cole* v. *Levy,* 212 App. Div. 84, 90–91).

The complaint herein alleges that on or about October 28, 1947, plaintiffs, as tenants, and defendants, as landlord entered into a lease in writing for a gasoline station; that the rent provided therein was $350 a month.

The complaint further alleges, upon information and belief that '' * * * the emergency rent for the gasoline station demised to plaintiffs by defendant under the aforesaid lease * * * under the Commercial Rent Law * * * was and still is $143.75 per month.'' Plaintiffs allege they have paid the rent for a certain period at the rate of $350 and demand judgment for the excess rent.

There is no allegation in the complaint as to whether the premises were or were not occupied on the '' freeze '' date, named in the statute.

The answer, in affirmative defenses, alleges that in December, 1945, the premises were then occupied by defendant herein, as tenant, and that on or about December 26, 1945, an arbitration as to the rent was had between defendant herein as tenant, and 138th Street and 3rd Ave. Corp., as landlord, and that the award of the arbitrator was confirmed by the Supreme Court. (In the affidavit submitted by plaintiffs, the arbitration is alleged to be invalid.) But, as indicated, herein, those defenses cannot be considered on this motion. (See *Lipkind* v. *Ward,* 256 App. Div. 74, 75 and *Sweet* v. *Hollearn,* 141 Misc. 135, *supra.*)

Emergency rent is defined in subdivision (e) of section 2 of chapter 3 of the Laws of 1945, as amended, as follows: '' The

rent reserved or payable under any lease, agreement or tenancy of commercial space in force on March first, nineteen hundred forty-three, plus fifteen per centum of such rent; provided that if the commercial space was not used or occupied on such date for commercial purposes, the emergency rent shall be the reasonable rent ※ ※ ※ plus fifteen per centum thereof, to be fixed by agreement, by arbitration, or by the supreme court * * * ".

If the premises in question were occupied on the freeze date, the determination of the emergency rent is generally a mere mathematical computation, and the emergency rent would be automatically established. If the premises were not occupied on the freeze date, the emergency rent can only be fixed in one of the methods provided by the statute. (*Cronson* v. *Fink,* 184 Misc. 723; *Messinger* v. *Great Hudson Fur Co., 62* N. Y. S. 2d 420, 423.)

The emergency rent has not been fixed by agreement. The lease between the parties is not an agreement fixing the emergency rent, under the statute  (*Empire Plexiglass Corp.* v. *Enterprise Industries,* 191 Misc. 58).

The plaintiff herein sues for alleged excess rent or payment over the emergency rent. This, of course, requires as a necessary preliminary or condition precedent, an allegation in the complaint, and upon the trial, proof and a determination of the amount of the emergency rent.

The complaint alleges, as to the emergency rent. '' Upon information and belief the emergency rent for the gasoline filling station demised to plaintiffs by defendant ＊ ＊ ＊ under the Commercial Emergency Rent Law ＊ ＊ ＊ was and still is $143.75 per month.''

Is this allegation sufficient?

In *Seiter* v. *Budget Holding Corp.* (76 N. Y. S. 2d 164) on a motion to dismiss various causes of action set forth in a tenant's complaint, the court said (p. 165–166): '' The third cause of action is insufficient. The allegations of that cause do not set forth sufficient facts to support the conclusion that the rental fixed in the lease exceeds the emergency rent, since nowhere is it alleged that the emergency rent was fixed either by agreement, by arbitration, or by the Supreme Court, as required by subdivision c of Section 8552, supra. In the absence of a fixation of the emergency rent by one of the three methods specified in subdivision c, supra, there was no basis for any finding that the rent reserved in the lease exceeded the emergency rent. The motion is accordingly granted to the extent of dismissing the first and

third causes of action  *  *  * ''.  (See, also, *Broadway Turtle King* v. *White-Way Arcade*, N. Y. L. J., June 24, 1947, p. 2481, col. 5; *Matter of Carter* [*Dunhill of London*], 196 Misc. 12; *Jacobson* v. *Freidus*, 81 N. Y. S. 2d 742, 743, and *82-12 37th Ave. Corp.* v. *Maffei*, 189 Misc. 319, 321.)

Accordingly, it appears, that the mere allegation '' that the emergency rent  *  *  *  is $143.75.'' is insufficient; that it is a conclusion of fact, dependent upon other facts, which must be alleged in the complaint.  As such a conclusion of fact, it is not admitted or assumed to be true for the purposes of this motion (*Cole* v. *Levy*, 212 App. Div. 84, 90, 91, *supra; Frank* v. *Mandel*, 76 App. Div. 413, 415).

Furthermore, this is an action based on a statute.  (*Joanette Juniors* v. *Princeway Realty Co.*, 272 App. Div. 420, 423.) '' Where one seeks to maintain an action under the statute, it is a sound and well-settled rule of pleading that he must state especially every fact requisite to enable the court to judge whether he has a cause of action under the statute  *  *  *.'' (*Rosenstock* v. *City of New York*, 97 App. Div. 337, 341.)  (See, also, 3 Carmody on New York Practice, p. 1797, and 4 Encyc. P. & P., p. 655.)

The complaint should allege whether or not the premises were occupied on the freeze date, and any other factors mentioned in the statute as a basis for determining the emergency rent.

An analogous situation is found in *Turk* v. *Jakobsons & Son* (188 Misc. 203) where a landlord sought to recover possession of the premises for his own use.  His petition alleged that his right '' *  *  *  to occupy the premises, is in conformance with the requirements of the Commercial Rent act  *  *  * ''.  The court said (p. 205) : '' This is, obviously a conclusory allegation and insufficient, and fatally defective.  One of the requirements of the Commercial Rent Law  *  *  *  is that the landlord shall have an equity in the property of not less than 25% of the purchase price.

'' We have held that this is a jurisdictional requirement and that it must appear on the face of the petition  *  *  * ''.

In addition, so far as this court is concerned, there is a further ground, why the complaint must set forth the facts, upon which the plaintiff bases the conclusion, as to the amount of the emergency rent.

The City Court of the City of New York is a court of limited and not of general jurisdiction.  (*Lasky* v. *Coverdale*, 84 Misc. 34; *Klatzko* v. *Golodetz*, 193 App. Div. 854; *American Historical Soc.* v. *Glenn*, 248 N. Y. 445, 453.)

In pleading, in courts of limited jurisdiction, the complaint must contain averments of the necessary jurisdictional facts; those facts must appear affirmatively (*Gilbert* v. *York,* 111 N. Y. 544; *Wachtel* v. *Diamond State Engineering Corp.,* 215 App. Div. 15, 16; *Bumstead* v. *Read,* 31 Barb. 661, 669, 670; 12 Encyc. P. & P., pp. 177, 178).

The City Court has no power to fix emergency rent. If the premises in question were occupied on the freeze date, then the emergency rent is automatically established. If the premises were not occupied on the freeze date, the statute provides various methods for the determination of the emergency rent; and none of those methods confer jurisdiction on the City Court.

In *Messinger* v. *Great Hudson Fur Co.* (62 N. Y. S. 2d 420, 423–424, *supra*) the court said: " Thus if the premises now occupied by defendant are not the same as those rented on March 1, 1943, the emergency rent must be fixed by agreement, by arbitration or by the Supreme Court. Defendant alleges that the space rented on March 1, 1943, was larger than that now occupied. Accordingly, the ' commercial space ' in suit was not occupied on the base date, and the defendant may ask the Supreme Court to fix the emergency rent. The Municipal Court did not purport to act under the quoted provision, nor could it. That court can ' fix ' the emergency rent only in the sense that where it determines that the statute is applicable, the emergency rent is automatically established, if the space in question was occupied for commercial purposes on the base date. If the Municipal Court attempted to go further, its decision would be void for want of jurisdiction * * * ". (See, also, *250 West 50th St. Corp.* v. *Blumenthal,* 63 N. Y. S. 2d 457.)

Accordingly, the complaint, in the instant case, must contain allegations of facts, which show that the emergency rent is " automatically established " or has been heretofore otherwise determined under the applicable statute. The complaint must state facts, which show that the case is not one, which would call upon this court, to exercise, during the trial, powers beyond its jurisdiction; that this court will not be required, upon the trial, to determine the emergency rent, in a situation where such power is not conferred upon this court.

Therefore, the bare allegation, in the complaint, that the emergency rent is $143.75 is insufficient.

This situation is analogous, in this connection, to cases involving partnership accountings. The City Court of the City of New York has no jurisdiction of an action involving accountings

between partners. (*Donald S. S. Co.* v. *Lewis,* 150 N. Y. S. 89; *Lasky* v. *Coverdale,* 84 Misc. 34, *supra.*)

In *Lasky* v. *Coverdale* (*supra*) the Appellate Term had under consideration a complaint involving a partnership contract. A motion by defendant for judgment on the pleadings was denied in the City Court, and defendant appealed. The Appellate Term reversed, granted the motion, dismissed the complaint, saying at page 36: '' Such an accounting (between the parties) can only be had in an action in equity; which is not within the jurisdiction of the City Court of New York.'' (Words in parentheses ours.) And at page 35, the court said: '' In the absence of allegations showing that there was an accounting between the parties, a balance struck and a promise to pay, a common law action between the parties will not lie.''

Thus, the rule that in courts of limited jurisdiction, the complaint must affirmatively show jurisdiction is confirmed. It would be useless to permit such an action to proceed to trial, and upon the trial, dismiss the complaint because of the lack of power in the court to adjudicate upon the accounting, when the necessity therefor appeared.

So here, in the instant case, upon a trial, a point in the trial might be reached where it developed that this court could not proceed for lack of power to fix the emergency rent.

Accordingly, the complaint herein does not state facts sufficient to constitute a cause of action.

The other relief asked for by defendant at this time cannot be passed on, in view of the foregoing ruling.

Complaint dismissed with leave to plaintiffs to serve an amended complaint within twenty days after service of a copy of the order herein with notice of entry, and without prejudice to the right of the plaintiffs to bring a new action in another court, if so advised. Order signed.