■ JANET G. ROESLER et al., Appellants, v INCORPORATED VILLAGE OF OYSTER BAY COVE et al., Respondents, et al., Defendants.—Interlocutory judgment of the Supreme Court, Nassau County, entered April 6, 1978, affirmed insofar as appealed from, with one bill of costs payable to the respondents. No opinion. Suozzi, J. P., Lazer, Cohalan and Martuscello, JJ., concur.

■ ALLAN E. ROSALSKY, Appellant, v CAROL ROSALSKY, Respondent.— Order of the Supreme Court, Rockland County, entered June 3, 1978, affirmed insofar as appealed from, with $50 costs and disbursements. The parties should proceed expeditiously to trial. Suozzi, J. P., Lazer, Cohalan and Martuscello, JJ., concur.

■ STECK-WARLICK COMPANY, Respondent, v BENAVIDE CORP. et al., Appellants.—In an action to set aside allegedly fraudulent conveyances pursuant to the Debtor and Creditor Law and to recover damages for fraud, defendants appeal from stated portions of an order of the Supreme Court, Westchester County, entered July 21, 1978, which, *inter alia,* denied their motion for summary judgment dismissing the several causes of action contained in the complaint. Order modified, on the law, by adding immediately before the words "and in all other respects the motion is denied" the following: "and the fifth cause of action is dismissed." As so modified, order affirmed insofar as appealed from, without costs or disbursements. Plaintiff's renewed motion to strike page 41 of the record is denied. In an earlier action based upon the same underlying facts as are pleaded in its current fifth cause of action, plaintiff recovered a judgment against defendant Benavide in the principal sum of $23,570.81. The fifth cause of action, sounding in fraud and deceit, seeks recovery of the same sum. Although in a proper case a law suit sounding in fraud and deceit might not be precluded by an earlier action brought for breach of contract involving the same essential transgression by the defendant, we think this is not such a situation (cf. *Lipkind v Ward,* 256 App Div 74). The fifth cause of action may not be maintained by reason of plaintiff's earlier election of remedies and its recovery of a judgment in the earlier action. Lazer, J. P., Gulotta, Cohalan and Margett, JJ., concur.