ROBERT R. STEVENSON, Appellant and Respondent, *v.* NEWS SYNDICATE CO., INC., Respondent and Appellant.

Argued October 11, 1950; decided December 1, 1950.

*George G. Hunter, Jr., James T. Gallagher* and *Robert S. Carroll* for plaintiff, appellant-respondent. I. The article is an untrue and unfair report as a matter of law. (*Schaffran* v. *Press Pub. Co.,* 258 N. Y. 207; *Campbell* v. *New York Evening Post,* 245 N. Y. 320; *Lee* v. *Brooklyn Union Pub. Co.,* 209 N. Y. 245.) II. Section 337 of the Civil Practice Act does not extend privilege to the publication of the contents of court files to which inspection by the public is expressly prohibited by statute or rule. (*McCurdy* v. *Hughes,* 63 N. D. 435; *McCabe* v. *Cauldwell,* 18 Abb. Prac. 377; *Stuart* v. *Press Pub. Co.,* 83 App. Div. 467.) III. Rule 278 of the Rules of Civil Practice is reasonable, consistent with the statutes and public policy, and is not an attempt

of the court to legislate contrary to section 1·of article III of the State Constitution. (*Matter of North* v. *Foley,* 238 App. Div. 731; *Stuart* v. *Press Pub. Co.,* 83 App. Div. 467; *General Investment Co.* v. *Interborough R. T. Co.,* 235 N. Y. 133; *People* v. *Hall,* 51 App. Div. 57; *Matter of Natelson* v. *Portfolio,* 291 N. Y. 290; *Matter of Bakers Mut. Ins. Co.* [*Dept. of Health*], 301 N. Y. 21; *Matter of Allen,* 205 N. Y. 158.) IV. Rule 278 is not an unconstitutional abridgment of the freedoms of speech and press under either the Federal or State Constitution. (*Matthews* v. *Associated Press of State of N. Y.,* 136 N. Y. 333.)

*Stuart N. Updike, James W. Rodgers, Philip T. Seymour, Andrew L. Hughes* and *John R. Schoemer, Jr.,* for defendant, respondent-appellant. I. Defendant's report of the motion papers served and filed in court is within the fair and true report immunity conferred by section 337 of the Civil Practice Act. That immunity is not restricted to judicial proceedings open to the general public but extends to all judicial proceedings. (*Campbell* v. *New York Evening Post,* 245 N. Y. 320; *Sanford* v. *Bennett,* 24 N. Y. 20; *Williams* v. *New York Herald Co.,* 165 App. Div. 529; *Sanford* v. *Boston Herald-Traveler Corp.,* 318 Mass. 156; *Cowley* v. *Pulsifer,* 137 Mass. 392; *Ackerman* v. *Jones,* 5 Jones & Sp. 42; *Bissell* v. *Press Pub. Co.,* 62 Hun 551; *Kimball* v. *Post Pub. Co.,* 199 Mass. 248; *Farrell* v. *New York Evening Post,* 167 Misc. 412; *Taylor* v. *Prudential Ins. Co.,* 142 Misc. 94; *State Bd. of Pharmacy* v. *Gasau,* 195 N. Y. 197.) II. Rule 278 of the Rules of Civil Practice, as construed below to " seal " all filed papers in all matrimonial actions from newspapers and the general public, is unreasonable and invalid. It is inconsistent with statutes and the public policy of the State. It is an attempt by the judiciary to exercise, contrary to section 1 of article III of the State Constitution, the legislative power of determining and enacting into law the public policy of the State. (*Moot* v. *Moot,* 214 N. Y. 204; *Gormerly* v. *McGlynn,* 84 N. Y. 284; *Rice* v. *Ehele,* 55 N. Y. 518; *Broome Co. Farmers' Fire Relief Assn.* v. *New York State Elec. & Gas Corp.,* 239 App. Div. 304, 264 N. Y. 614; *Cowley* v. *Pulsifer,* 137 Mass. 392; *Lee v. Brooklyn Union Pub. Co.,* 209 N. Y. 245; *Straus & Co.* v. *Canadian Pacific Ry. Co.,* 254 N. Y. 407.) III. Rule 278 is an unconstitutional abridgment of the freedoms

of speech and press, prohibited by the First and Fourteenth Amendments to the Federal Constitution and section 8 of article I of the State Constitution. (*Cantwell* v. *Connecticut,* 310 U. S. 296; *Schneider* v. *State* [*Town of Irvington*], 308 U. S. 147; *De Jonge* v. *Oregon,* 299 U. S. 353; *Near* v. *Minnesota ex rel. Olson,* 283 U. S. 697; *Pennekamp* v. *Florida,* 328 U. S. 331; *Saia* v. *New York,* 334 U. S. 558; *Martin* v. *City of Struthers,* 319 U. S. 141.) IV. Judicial rule-making to exclude the public from all matrimonial files is invalid. (*Munzer* v. *Blaisdell,* 268 App. Div. 9; *Matter of Bakers Mut. Ins. Co.* [*Dept. of Health*], 301 N. Y. 21.) V. The privilege accorded by section 337 is not limited to those proceedings which are open to all persons. (*Baumann* v. *Newspaper Enterprises,* 270 App. Div. 825; *Bridgwood* v. *Newspaper PM,* 276 App. Div. 858; *Farrell* v. *New York Evening Post,* 167 Misc. 412; *Briarcliff Lodge Hotel* v. *Citizen-Sentinel Publishers,* 260 N. Y. 106; *Lewis* v. *Chemical Foundation,* 262 N. Y. 489; *Schachter* v. *News Syndicate Co.,* 270 App. Div. 378; *d'Auxy* v. *Star Co.,* 31 Misc. 388.)

*Elisha Hanson, Stanley D. Brown* and *E. Douglas Hamilton* for American Newspaper Publishers Association, *amicus curiæ,* in support of defendant's position. I. The articles published constituted a fair and true report of a judicial proceeding within the meaning of section 337 of the Civil Practice Act. II. The English common-law restraints on the press are repugnant to the liberty of the press as safeguarded by the First and Fourteenth Amendments. (*Bridges* v. *California,* 314 U. S. 252; *Pennekamp* v. *Florida,* 328 U. S. 331; *Craig* v. *Harney,* 331 U. S. 367.) III. Rule 278 of the Rules of Civil Practice is repugnant to the constitutional guarantee of a free press and constitutes an invalid exercise of the judicial rule-making power. (*Near* v. *Minnesota ex rel. Olson,* 283 U. S. 697; *Grosjean* v. *American Press Co.,* 297 U. S. 233; *Murdock* v. *Pennsylvania,* 319 U. S. 105.)

LOUGHRAN, Ch. J. The action is for libel. For the sake of clarity, the plaintiff will be called by his surname — Stevenson. On April 6, 1948, his wife brought against him in the Supreme Court in New York County an action for a separation. Issue was joined therein but no pleading or note of issue was filed at any time.

In that separation action, however, Stevenson's wife moved for an award of temporary alimony and for counsel fees upon an affidavit whereby she charged him (a) with failure to support her; (b) with abandonment and cruel and inhuman treatment through refusal to have marital relations; (c) with boasting in her presence about his conquests of other women, and (d) with illicit interest in two female business associates — conduct which she characterized as " two-timing or, to be more accurate, three-timing ".

The motion so made by Stevenson's wife was returnable on July 30, 1948, at Special Term, Part I, of the Supreme Court in the county of New York. Supporting papers were filed with the clerk of that court on July 22, 1948. On the return day, the motion was adjourned to August 13, 1948, and on that date was withdrawn pursuant to an order of the court. On August 14, 1948, the withdrawal order and the papers in support of the motion were filed in the office of the Clerk of the County of New York. On December 8, 1948, the separation action was discontinued by stipulation of the parties. On January 14, 1949, Stevenson's wife obtained in the State of Nevada a final decree of divorce.

In the meantime and on August 18 and 19, 1948, the defendant in this present libel action published in several editions of its newspaper an article in respect of the Stevenson separation action which in part reads as follows:

" That double-dealing husbands are a dime a dozen in any large city is an accepted cinch. But Robert R. Stevenson, $27,000-a-year treasurer of General Foods Corp., does not fool around on so small a scale, his wife, Grace, charged yesterday in Supreme Court, Manhattan. Bob, said Grace, is a triple-dealer.

" By this, Mrs. Stevenson explained in a suit for separation, she means that the 41-year-old vittles tycoon not only has been double-dealing her with a lady in his employ but also is cheating on the co-respondent."

The article so published by the defendant had an obvious tendency to disparage Stevenson. In his complaint herein he says the article is false and he further pleads that the motion papers in his wife's separation action (upon which the article admittedly was based) were procured by the defendant in viola-

tion of rule 278 of the Rules of Civil Practice which makes this provision: " An officer of a court with whom the proceedings in an action to annul a marriage or for divorce or separation are filed, or before whom the testimony is taken, or his clerk, either before or after the termination of the suit, shall not permit a copy of any of the pleadings or testimony, or any examination or perusal thereof, to be taken by any other person than a party, or the attorney or counsel of a party who had appeared in the cause, except by order of the court."

In its answer herein, the defendant denies any infringement of rule 278 and sets forth the following defense: " The article complained of constituted a fair and true report of a judicial proceeding, together with such fair comment thereon as was warranted by said report. Said article was published without malice toward plaintiff and was and is privileged." This defense, of course, looks to section 337 of the Civil Practice Act. It is thereby provided: " A civil action cannot be maintained against any person, firm or corporation, for the publication of a fair and true report of any judicial, legislative or other public and official proceedings, or for any heading of the report which is a fair and true headnote of the statement published."

Annexed to the answer of the defendant are copies of the motion papers that were filed by Stevenson's wife in the separation action and a copy of the order under which that motion was withdrawn.

On the pleadings and on certain admissions made by Stevenson pursuant to section 322 of the Civil Practice Act, the defendant moved the court at Special Term for judgment dismissing the complaint in this present libel action. Stevenson's response was a cross motion for judgment on the pleadings. Special Term denied both motions. Both parties then appealed to the Appellate Division where (1) the order denying the defendant's motion for dismissal of the present libel action was affirmed by a divided vote; (2) the order therein denying Stevenson's motion for judgment on the pleadings was unanimously affirmed, and (3) each party was granted leave to appeal to us upon the following certified question: " Was the order of Special Term properly made?" Consequently we now have before us the issues of law that were raised by the parties at the Special Term (*Erie R. R. Co.* v. *Sells,* 298 N. Y. 58, 60).

We turn first to a question in respect of our own jurisdiction. A motion for judgment on the pleadings ordinarily is addressed to the discretion of the court (see Civ. Prac. Act, § 476; *Schnibbe* v. *Glenz*, 245 N. Y. 338). Under section 603 of the Civil Practice Act, the Appellate Division, when it certifies a question to this court, must state its disposition of any question of fact or discretion that is involved and, in the absence of such a statement, all questions of fact and discretion are presumed to have been resolved by the Appellate Division in favor of the party who happens to be the respondent in this court. If, then, the cross motions made herein were denied below in the exercise of discretion, these appeals should be dismissed (*Langan* v. *First Trust & Deposit Co.*, 296 N. Y. 60). Where, however, all parties to a litigation choose to do so, they may to a large extent chart their own procedural course through the courts (*Matter of Malloy*, 278 N. Y. 429). In the present case, both parties have treated the cross motions as challenges to the legal sufficiency of the pleadings. Nobody has suggested that either motion presents any question of discretion. More than that: the Appellate Division — as its opinions show — approached this controversy in the same way. In that state of the record, we are not disposed to inquire whether the decision of the courts below can be justified as an exercise of discretion. Accordingly, we pass to the merits.

Under the practice of the New York Supreme Court, a motion by a plaintiff for judgment on the pleadings when addressed to an answer in its entirety will be denied irrespective of the merits of any pleaded affirmative defense, if the answer contains a denial which raises an issue of fact (*Von Oehsen* v. *Bartley*, 241 App. Div. 619). In his complaint herein, Stevenson alleged his loss of lucrative employment as one consequence of the publication of the article in question. This allegation of the complaint is denied by the defendant's answer. By his motion for judgment on the pleadings, Stevenson attacked the whole of the defendant's answer. Hence we are constrained by the principle of the case last cited to affirm the order entered against him below.

When a defendant moves for judgment on the pleadings, the court ordinarily will pay no heed to defenses consisting of new

matter, because such defenses are deemed to be controverted by the plaintiff (see Civ. Prac. Act, § 243; *Lipkind* v. *Ward,* 256 App. Div. 74). Even so, we here reach the question whether the defense of privilege pleaded in the defendant's answer is valid, because that question is raised by the admissions which Stevenson made pursuant to section 322 of the Civil Practice Act. These admissions (which are part of this record) establish the genuineness of the above-mentioned papers that were filed in the course of the separation action brought by Stevenson's wife.

Thus we arrive at this question: Is the article that was published by the defendant so far a fair and true report of the contents of the motion papers that were filed by Mrs. Stevenson in her separation action as to be within the privilege declared by the above words of section 337 of the Civil Practice Act? We shall treat that question as an issue of law, since both parties urge us to do so. (See *German Masonic Temple Assn.* v. *City of New York,* 279 N. Y. 452.)

The privilege established by section 337 for reports of judicial proceedings embraces only " full, fair and impartial " reports of such proceedings (*Lee* v. *Brooklyn Union Pub. Co.,* 209 N. Y. 245, 248). In our judgment, the article in question falls far short of that standard. The article said that Stevenson's wife made her charges against him " yesterday " — an assertion that was false. The article made no mention of the fact that the charges were made as part of a motion which had theretofore been withdrawn — an omission that was unfair. In short, the article was neither true nor fair and consequently the privilege declared by section 337 of the Civil Practice Act did not attach to it. We pass on no other question.

The order of the Appellate Division should be affirmed, without costs, and each question certified should be answered in the affirmative.

LEWIS, CONWAY, DESMOND, DYE, FULD and FROESSEL, JJ., concur.

Order affirmed, etc. [See 302 N. Y. 690.]