GRACIE SQUARE REALTY CORP. et al., Respondents, *v.* CHOICE REALTY CORP., Defendant, and 154 EAST 97TH STREET CORP. et al., Appellants. 154 EAST 97TH STREET CORP., Plaintiff, v. EDWIN SCHELBERG et al., Impleaded Defendants.

Argued February 26, 1953; decided May 21, 1953.

*S. E. Martinson* and *Edward Martinson* for appellants.
I. The testimony of plaintiffs, purporting to a discussion of terms alleged in the complaint, discloses only a preliminary negotiation, unenforcible, even if same were in writing. (*Hughes* v. *De Simone Stevedores,* 277 App. Div. 371; *Perkins* v. *Meyer,* 302 N. Y. 139; *Schwartz* v. *Greenberg,* 304 N. Y. 250; *1130 President St. Corp.* v. *Bolton Realty Corp.,* 300 N. Y. 63; *Berk & Co.* v. *Derecktor,* 301 N. Y. 110.) II. The alleged part performance is not positive, unequivocal and solely referable to a contract with appellants. (*Burns* v. *McCormick,* 233 N. Y. 230; *Maddison* v. *Alderson,* 8 App. Cas. 467; *Canute* v. *Minor,* 232 App. Div. 325, 258 N. Y. 558; *Woolley* v. *Stewart,* 222 N. Y. 347; *Wheeler* v. *Reynolds,* 66 N. Y. 227; *Hallenbeck* v. *Griffith,* 139 Misc. 796, 232 App. Div. 785; *Rosen* v. *250 West 50th St. Corp.,* 270 App. Div. 171, 296 N. Y. 567; *Roberts* v. *Fulmer,* 301 N. Y. 277; *Dunphy* v. *Ryan,* 116 U. S. 491; *Naame Co.* v. *Satanov & Co. Corp.,* 103 N. J. Eq. 386; *Ham* v. *Massasoit R. E. Co.,* 42 R. I. 293; *Barrett* v. *Geisinger,* 148 Ill. 98; *Young* v. *Ingalsbe,* 208 N. Y. 503.) III. Respondents lack equity as a matter of law. (*Ansorge* v. *Kane,* 244 N. Y. 395; *Rudiger* v. *Coleman,* 199 N. Y. 342; *United Press* v. *New York Press Co.,* 164 N. Y. 406; *Perrin* v. *Smith,* 135 App. Div. 127; *Bialostok* v. *A. & M. Knitting Mills,* 272 App. Div. 936; *Milnes* v. *Grey,* 14 Ves. Jr. 400, 33 Eng. Rep. 574; *Agar* v. *Macklew,* 2 Sim. & Stu. 418, 57 Eng. Rep. 504; *Greason* v. *Keteltas,* 17 N. Y. 491; *Noyes*

*v. Marsh,* 123 Mass. 286; *Davila* v. *United Fruit Co.,* 88 N. J. Eq. 602; *Texas Co.* v. *Z. & M. Ind. Oil Co.,* 156 F. 2d 862; *Cooke* v. *Miller,* 25 R. I. 92; *Dinham* v. *Bradford,* L. R. 5 Ch. 519; *Castle Creek Water Co.* v. *City of Aspen,* 146 F. 8; *Morris* v. *Ballard,* 16 F. 2d 175; *Stimson* v. *Gray,* [1929] Ch. 629.) IV. There is no cause of action against the individual defendants. (*Dung* v. *Parker,* 52 N. Y. 494; *Subirana* v. *Munds,* 282 N. Y. 726.) V. Respondents' adjective contentions respecting summary judgment are unsound. In any event judgment on the pleadings would have been proper as a matter of law. (*Lloyd* v. *R. S. M. Corp.,* 251 N. Y. 318; *Volk Co.* v. *Cauldwell-Wingate Co.,* 272 App. Div. 290; *Montrose* v. *Wannamaker,* 21 Abb. N. C. 478; *Valentine* v. *Harbeck,* 22 Abb. N. C. 448; *White* v. *Merchants Desp. Transp. Co.,* 256 App. Div. 1044; *Wels* v. *Rubin,* 254 App. Div. 484, 280 N. Y. 233; *Chance* v. *Title Guar. Trust Co. of N. Y.,* 173 Misc. 754.)

*William J. Block* for respondents. I. The motion for summary judgment under rule 113 of the Rules of Civil Practice was properly denied. (*Timmerman* v. *City of New York,* 69 N. Y. S. 2d 102, 272 App. Div. 758; *Dumont* v. *Raymond,* 49 N. Y. S. 2d 865, 269 App. Div. 592; *Zeldman* v. *Electrolux, Inc.,* 161 Misc. 849; *Reliable Textile Co.* v. *Elk Dye Works,* 177 Misc. 926; *Universal Credit Co.* v. *Uggla,* 248 App. Div. 848; *First Trust & Deposit Co.* v. *Holt & Thomas, Inc.,* 236 App. Div. 714.) II. The contract pleaded is sufficient. (*Greason* v. *Keteltas,* 17 N. Y. 491.) III. The part performance is sufficient. (*Roberts* v. *Fulmer,* 301 N. Y. 277; *Rosen* v. *250 West 50th St. Corp.,* 296 N. Y. 567; *Burns* v. *McCormick,* 233 N. Y. 230.) IV. It is the law of the case that the contract and the part performance are sufficient. V. The motion for judgment on the pleadings was properly denied. (*Bogart* v. *County of Westchester,* 270 App. Div. 274; *Lipkind* v. *Ward,* 256 App. Div. 74; *Pletman* v. *Goldsoll,* 264 App. Div. 393.)

CONWAY, J. Two causes of action are involved here. The first is for specific performance of an alleged realty contract for a perpetual easement and the second is for damages from the individual defendants for breach of warranty of authority in negotiating the alleged contract.

The second amended complaint alleges that in January, 1948, each of the plaintiff corporations owned a parcel of real estate

— one at 160 East 97th Street, New York City, and the other at 152 East 97th Street (Parcels A and B). Each of the defendant corporations also owned a parcel of real estate and those two parcels adjoined and together separated those of plaintiffs (Parcels E and F). The following diagram may be helpful to an understanding of the claim made by plaintiffs.

It is alleged that in January, 1948, the officers of plaintiffs approached the officers of defendants for the purpose of linking up their respective buildings by a garden project. Conversations, it is claimed, resulted in March, 1948, in an oral contract substantially as follows:

Plaintiffs were to purchase two buildings (Parcels C and D). They were then to construct at their own cost and expense a common entrance through the building on 96th Street (Parcel D) and a passageway over the rear yards of Parcels A, B, C, E and F. The entire fences on the boundary lines running north and south, as indicated in the rear yards of those parcels, were to be removed, paths were to be constructed to the several properties and the area was to be graded, landscaped and developed, so as to create an interior garden consisting of the entire rear yards of the above parcels — all at plaintiffs' expense.

Plaintiffs were to grant perpetual easements over their buildings and lands and the two buildings and lands to be acquired for the project in favor of the lands and buildings belonging to the defendant corporations and, in turn, it is alleged that the defendant corporations were to grant perpetual easements over their lands and buildings in favor of the plaintiffs' properties then owned and to be acquired for the garden project. The plaintiffs were to pay two thirds of the cost of maintenance of the entrance, passageway and common garden and the defendants were to pay one third of such maintenance cost.

Plaintiffs allege that, in reliance upon the agreement they caused the two buildings (C and D) to be purchased and thereafter hired an architect to plan and design the project and, in connection with the project, vacated space in one of the buildings purchased (D) and engaged counsel in connection with the preparation of formal grants of the easements. They claim to have tendered documents granting easements and restrictive covenants relating to the maintenance of the garden to the defendants who refused to perform the conditions imposed upon them by the agreement.

The second cause of action is against two individuals, who were officers and agents of the corporate defendants, for damages for breach of warranty of authority to enter into the contract pleaded in the first cause of action.

By their third amended answer defendants controverted the existence of an agreement, pleaded that if there was such an agreement it was unenforcible by reason of the Statute of Frauds (Real Property Law, § 259) and, further, that the alleged acts of part performance, if performed, were not done in reliance upon any promise of defendants. Counterclaims were also pleaded but are not material to this appeal.

Defendants demanded a bill of particulars which was served. Plaintiffs admit therein that the alleged agreement was oral and state that, in addition to the acts set forth in the complaint which plaintiffs claim were performed in reliance upon the alleged agreement, they caused the name " Carnegie Hill Gardens " to be registered as a trade name to describe the project.

Defendants also moved for an examination of the plaintiffs before trial on the issue of part performance and such examination was held and is found in the record.

Thereafter, defendants moved, upon the pleadings, the bill of particulars and the examination before trial (a) for judgment on the pleadings dismissing both causes of action under rule 112 of the Rules of Civil Practice, and (b) for summary judgment dismissing both causes of action under rules 113 and 114.

Special Term denied the motion and the Appellate Division, First Department, affirmed, one Justice dissenting, but granted defendants leave to appeal upon certified questions of law.

Ordinarily a motion for judgment on the pleadings is addressed to the discretion of the court (see Civ. Prac. Act, § 476; *Stevenson* v. *News Syndicate Co.,* 302 N. Y. 81, 87; *Schnibbe* v. *Glenz,* 245 N. Y. 388). However, in the present case the parties have treated the motion for judgment on the pleadings as a challenge to the legal sufficiency of the complaint and the Appellate Division has certified that its decision was made on the law and not in the exercise of discretion, and that only questions of law are involved in the order of affirmance. Therefore, we are not concerned with the question of whether the decision of the courts below can be justified as an exercise of discretion (see *Stevenson* v. *News Syndicate Co., supra,* 302 N. Y. 81, 87).

A motion for judgment on the pleadings is made on the pleadings and admissions only. The words " admissions of a party or parties " as used in this connection (Civ. Prac. Act, § 476) " refer to admissions made in the action, and intended to be treated as a part of a pleading or made to avoid some question arising on the pleadings." (*Lloyd* v. *R. S. M. Corp.*, 251 N. Y. 318, 320.) They do not relate to matters oral or written which might be competent as evidence at the trial but which might be met by other evidence thus depriving them of their conclusiveness and creating an issue of fact with respect thereto (*Lefler* v. *Clark*, 247 App. Div. 402).

Here, Special Term was correct in its conclusion that " a deposition is not a pleading " but is " the testimony of a witness reduced to writing, to be used as evidence on the trial to establish a fact." And, tested by the above formula a deposition is not an " admission ". However, it does not follow, as Special Term held, that the motion may not be treated as one for judgment on the pleadings because " it is predicated not alone on the pleadings, but is sought to be buttressed by an examination of the plaintiffs before trial." For the purpose of the motion for judgment on the pleadings the examination before trial is not to be considered, the question to be answered being whether the pleadings and bill of particulars raise issues of fact.

The plaintiffs rely largely upon the doctrine of the law of the case by reason of the fact that in 1948 there was a denial at Special Term of a motion under rule 106 to dismiss the complaint for insufficiency, and that no appeal was ever taken therefrom. The denial of that motion merely signified that the court considered that the complaint alleged a valid cause of action against defendants and, in any event, would not justify the invocation of the doctrine of the law of the case in this court (see Cohen and Karger, Powers of the New York Court of Appeals, § 79, pp. 344-346). Moreover, the defense of the Statute of Frauds would not be considered on a motion under rule 106 since the facts set up in defenses are. considered as controverted under section 243 of the Civil Practice Act. (See 3 Carmody on New York Practice, pp. 2288-2291; *Stevenson* v. *News Syndicate Co.*, 302 N. Y. 81, 88, *supra; Lipkind* v.

*Ward*, 256 App. Div. 74.) We now reach the question of the validity of the defense of the Statute of Frauds because of the admission in plaintiffs' bill of particulars that the agreement in question was oral. (See *Stevenson* v. *News Syndicate Co.*, *supra*, pp. 81, 88; *Russell* v. *Societe Anonyme des Etablissements Aeroxon*, 268 N. Y. 173).

Therefore, if judgment on the pleadings is to be denied it must be on the ground that the complaint and bill of particulars allege part performance which may be considered sufficient to render the Statute of Frauds inoperative. We disregard the deposition and affidavits for the purpose of the motion for judgment on the pleadings.

The alleged part performance consists of: (1) plaintiffs' purchase of two buildings from third persons; (2) their obtaining from tenants the possession of eight apartments in one of those buildings; (3) their hiring of an architect to draw plans for the construction of the garden project, and (4) their consulting with their attorneys relative to the preparation of formal grants. As earlier mentioned, the bill of particulars states that in addition to the above acts, which are set forth in the complaint, the plaintiffs have caused the name " Carnegie Hill Gardens " to be registered as a trade name in reliance upon the agreement.

The rule as to what manner of part performance will justify enforcement by a court of equity of a contract involving an interest in realty, although there is no writing as required by the Statute of Frauds, is stated as follows in *Burns* v. *McCormick* (233 N. Y. 230, 232, CARDOZO, J.): " There must be performance ' unequivocally referable ' to the agreement, performance which alone and without the aid of words of promise is unintelligible or at least extraordinary unless as an incident of ownership, assured, if not existing. ' An act which admits of explanation without reference to the alleged oral contract or a contract of the same general nature and purpose is not, in general, admitted to constitute a part performance ' (*Woolley* v. *Stewart*, 222 N. Y. 347, 351). What is done must itself supply the key to what is promised. It is not enough that what is promised may give significance to what is done."

In the *Burns* case (*supra*) plaintiffs sold their business, moved to the home of the decedent and cared for him until his death in

reliance upon an alleged oral promise by him that his property would be theirs upon his death. Such performance was held not to be " ' unequivocally referable ' " to the agreement alleged and specific performance was denied.

To the same effect are *George* v. *Dobson* (261 App. Div. 447, affd. 287 N. Y. 675); *Kezer* v. *Seely* (236 N. Y. 567); *Neverman* v. *Neverman* (254 N. Y. 496); *Rosen* v. *250 West 50th St. Corp.* (296 N. Y. 567). On the other hand we have held that acts of a plaintiff, when added together against the background of the circumstances portrayed in the record, were " unequivocally referable " to the agreement sued upon and that the plaintiff was entitled to the relief sought in *Walter* v. *Hoffman* (267 N. Y. 365) and *Roberts* v. *Fulmer* (301 N. Y. 277). Those cases demonstrate the type of part performance which is necessary to remove an oral contract from the bar of the Statute of Frauds. In cases where specific performance was granted the subject matter of the action was physically involved in the acts of part performance. That is the general rule throughout the country as to oral easements as indicated in the following statement in 58 Corpus Juris, Specific Performance (§ 229, p. 1022): " In accordance with the general rules as to the part performance of oral contracts, an oral easement or license is ordinarily sufficiently partly performed, so that it may be specifically enforced by the grantee or licensee, by the construction of works or the making of valuable improvements on the faith of the grant or agreement, together with user, or by payment of the consideration and user, or, it has been held, by mere possession and user; but on the latter point there is also authority to the contrary." (See, also, 81 C. J. S., Specific Performance, § 61, p. 555.)

We have been referred to no authority where it has been held that an oral contract for a perpetual easement has been sufficiently performed to authorize a decree of specific performance where the suitor has not had possession, there has been no user and no improvements have been made. That is what plaintiffs ask that we hold in this case.

Assuming, however, that user, possession and improvements are not necessary to establish part performance, it may not be said that the acts here performed were " unequivocally referable " to the agreement sued upon and that those acts are unin-

telligible without the aid of the words of promise claimed by plaintiffs to have been made.

While the purchase of the two buildings, the gaining of possession of eight apartments in one of them, the hiring of an architect, the consultation with attorneys and the registering of the trade name " Carnegie Hill Gardens ", *could* be interpreted as part performance of the agreement alleged, nevertheless, it is by no means the *only* reasonable explanation of those acts, and that is the test which must be satisfied. The purchase of land and buildings in fee from third persons in a neighborhood where they (plaintiffs) had previously purchased two parcels (A and B on the diagram) supplies no key to a contract of the sort here claimed. The removal of tenants in the 96th Street building is equally ambiguous or meaningless. The hiring of the architect and attorneys by plaintiffs are acts of a type which generally precede rather than follow the formulation of an agreement such as plaintiffs sue upon. The same may be said of the act of registering a trade name. Furthermore, all of the acts were unilaterally performed, are of a self-serving character and open the door to perjury, the very thing the Statute of Frauds was enacted to prevent. " Inadequacy of legal remedies, without more, does not dispense with the requirement that acts, and not words, shall supply the framework of the promise. That requirement has its origin in something more than an arbitrary preference of one form over others. It is ' intended to prevent a recurrence of the mischief ' which the statute would suppress (*Maddison* v. *Alderson, supra,* at p. 478). The peril of perjury and error is latent in the spoken promise. Such, at least, is the warning of the statute, the estimate of policy that finds expression in its mandate. Equity, in assuming what is in substance a dispensing power, does not treat the statute as irrelevant, nor ignore the warning altogether. It declines to act on words, though the legal remedy is imperfect, unless the words are confirmed and illuminated by deeds. A power of dispensation, departing from the letter in supposed adherence to the spirit, involves an assumption of jurisdiction easily abused, and justified only within the limits imposed by history and precedent. The power is not exercised unless the policy of the law is saved (Pound, Equity and the

Statute of Frauds, 33 Harvard Law Review, 933, 944).'' (*Burns v. McCormick,* 233 N. Y. 230, 234–235, *supra.*) Taken together the above acts are explainable as preliminary steps which contemplate the formulation, in the future, of an agreement.

On the basis of the foregoing, the corporate defendants were entitled to judgment on the pleadings as to the first cause of action.

In order for plaintiffs to recover on the second cause of action for breach of warranty of authority they must show that the agreement alleged would have been enforcible against the principal had it been authorized. Since the agreement is unenforcible by reason of the bar of the Statute of Frauds there is no basis for the recovery of damages against the individual defendants (see 3 C. J. S., Agency, § 212, p. 118) and those defendants were entitled to judgment on the pleadings.

Since defendants are entitled to judgment on the pleadings it is unnecessary to determine whether they are also entitled to summary judgment.

The orders appealed from should be reversed, and the motion for judgment on the pleadings granted, with costs in all courts. The questions certified are answered in the negative.

Lewis, Ch. J., Desmond, Dye, Fuld and Froessel, JJ., concur; Loughran, Ch. J., deceased.

Orders reversed, etc.