BEATRIX SHAPIRO et al., Plaintiffs, *v.* TOWN OF THOMPSON, SULLIVAN COUNTY, Defendant and Third-Party Plaintiff-Appellant. FIDELITY AND CASUALTY COMPANY OF NEW YORK, Third-Party Defendant-Respondent.

Third Department, December 10, 1958.

George H. Rosen and Rose S. Rosen for third-party plaintiff-appellant.

Wiess & Costa (Lawrence E. Lagarenne and Myron J. Wiess of counsel), for third-party defendant-respondent.

REYNOLDS, J.  Appeal by third-party plaintiff Town of Thompson from an order and judgment granting the motion of third-party defendant Fidelity and Casualty Co., for judgment on the pleadings at Sullivan County Special Term (BOOKSTEIN, J.).

Plaintiffs Shapiro sued appellant Town of Thompson for negligence, alleging that Mrs. Shapiro was injured when a board from a town bridge struck her and threw her to the ground.  Appellant answered the complaint and then served a third-party summons and complaint against respondent alleging that respondent had issued a policy to appellant which "undertook to defend and protect the third-party plaintiff from all claims and liabilities by reason of injuries due to negligence", and the respondent had disclaimed liability and refused to defend the action in violation of the policy.  Respondent in its answer denied coverage and alleged as an affirmative defense that the policy in question excluded liability by reason of "claims arising out of any condition in streets, highways, roads or crosswalks", which exclusion, it alleged, applies to this case.

Respondent then moved for judgment on the pleadings, attaching to its motion papers a copy of the insurance policy and a " statement of adjusted premium ", and Justice BOOKSTEIN granted the motion without opinion.

Appellant contends that a motion for judgment on the pleadings tests only the sufficiency of the complaint, must be decided on the basis of the complaint alone (together with bills of particulars and admissions under Civ. Prac. Act, § 322) and not on the basis of defenses in the answer or facts not pleaded in the complaint, and could not be granted here on the basis of respondent's affirmative defense of noncoverage and the insurance policy which was not a part of the complaint; that the policy at any rate did not exclude coverage for bridge defects or at least was ambiguous in this regard so as to require a trial of the issue; that the copy of the policy attached was incomplete and the premium statement was improperly included in the papers; that the papers on the motion were defective in any event because they did not contain appellant's answer in the Shapiro main action; and finally, even if respondent was not liable on the policy, it was required to defend the action for appellant because the duty to defend is broader than the duty to pay.

Respondent contends that the policy determines the rights of the parties, was mentioned by appellant in the complaint, was used at Special Term and should, therefore, be considered on the motion, and that the policy would be admissible if appellant had submitted it pursuant to a request for a bill of particulars; that an affirmative defense may be considered on a motion for judgment on the pleadings where, as here, it could have been pleaded as a general denial and raises no question of fact; that the answer in the main action, being irrelevant to the third-party action, need not be included in the papers for motion for judgment on the pleadings; and that the policy clearly, and as a matter of law, does not cover the instant claim because (1) such a claim is not included in the scheduled hazards and (2) such a claim is specifically and unambiguously excluded.

Although appellant's defenses seem technical, in our view, the respondent is responsible for the situation it finds itself in. If, as respondent states, it could have requested a bill of particulars which would have included the policy and could have been considered on a motion for judgment on the pleadings, it has only itself to blame for failure to request such a bill of particulars. And if respondent wished to submit papers additional to the pleadings on its motion, it had an obviously proper

method to use the motion for summary judgment. In fact, appellant states in its brief that respondent *did* move for summary judgment and withdrew that motion after argument because the affidavits raised questions of fact. Even if this statement is not true (respondent does not deny it) respondent's failure to use the summary judgment remedy renders somewhat unconvincing its argument that extraneous papers should be admitted on a motion for judgment on the pleadings.

Under rule 112 of the Rules of Civil Practice and section 476 of the Civil Practice Act a judgment may be rendered by the court, if warranted by the pleadings or the admissions of a party, upon motion of either party. After issue is joined, a defendant is entitled to judgment on the pleadings if he establishes that the complaint is insufficient on its face (see 5 Carmody-Wait, New York Practice, pp. 94–96). The motion for judgment on the pleadings will be denied where the pleadings disclose material questions of fact. Only a question of law will be determined and the motion may be considered only on the basis of the pleadings, admissions of the parties, bills of particulars and written stipulations, the latter two having been sanctioned by the courts. On such a motion the court will not consider defenses contained in the answer because such defenses are deemed controverted by the plaintiff under section 243 of the Civil Practice Act (*Lipkind* v. *Ward,* 256 App. Div. 74; *Stevenson* v. *News Syndicate Co.,* 302 N. Y. 81). Admission means " ' admission made in the action, and intended to be treated as a part of a pleading or made to avoid some question arising on the pleadings ' " (*Gracie Square Realty Corp.* v. *Choice Realty Corp.,* 305 N. Y. 271, 278). On this record, there has been no " admission " by the appellant that the copy of the insurance policy submitted to Special Term was a complete and accurate copy of the actual policy and it is apparent that he objected at Special Term to the consideration of same. In our view the insurance policy and premium statement were not properly before the court on this motion and this requires reversal of the order and judgment appealed from. Since we have reached this conclusion, the other contentions of appellant do not require discussion.

FOSTER, P. J., BERGAN, GIBSON and HERLIHY, JJ., concur.

Order and judgment reversed, with $10 costs.