Nicholas M. Pette, J.
All of the defendants, in two separate motions under rule 107 of the Rules of Civil Practice, move to *1052 dismiss the complaint on the ground that the alleged contract on which the cause of action is founded is unenforcible under the provisions of the Statute of Frauds.
In order to prevail in this action plaintiff must prove the existence of a written contract, or some note or memorandum thereof, 1 ‘ subscribed by the party to be charged, or by his lawful agent thereunto authorized by writing” (Real Property Law, § 259). It appears that plaintiff has never even seen such a paper. And while he states, on the one hand, that defendant Ruffino represented himself to have written authority to enter into a contract of sale on behalf of the seller (plaintiff’s affidavit, p. 8), he states, on the other, that said defendant told plaintiff’s wife and repeated to plaintiff that “ he [Ruffino] was having the Seller sign one copy of the binder ” (id., pp. 3, 4 [emphasis supplied]). Such proposed action by Ruffino was plainly inconsistent with any representation by him that he had written authority to enter into a contract of sale on behalf of the seller. Furthermore, while plaintiff contacted defendant Zegadlowicz personally on at least two occasions (plaintiff’s affidavit, pp. 4, 5), nowhere does plaintiff state that she told him that she had either signed a binder or given Ruffino or anyone else written authority to do so. What she said, in effect, was that they had a deal. The Statute of Frauds requires more.
Of course, on a motion such as this plaintiff cannot content himself with the allegations in his complaint. He must produce the writing claimed to be sufficient to satisfy the Statute of Frauds or satisfactorily explain his failure to do so. (Bakst-Friedberg, Inc., v. Picariello & Singer, Inc., 8 Misc 2d 728.) Plaintiff has done no more than suggest that such a writing may exist. That is not enough. (See McCants v. Emerol Mfg. Co., 81 N. Y. S. 2d 770, 771.) This result on that issue requires a like result as to Ruffino’s alleged misrepresentation of his authority. (Gracie Square Realty Corp. v. Choice Realty Corp., 305 N. Y. 271, 282.)
The motion is accordingly granted.
Submit order.