Reid S. Moule, J.
The plaintiff has sued the defendant, alleging two causes of action in libel.
For the first cause of action, the plaintiff alleges that on or about March 29,1960, the defendant maliciously published in its newspaper the following concerning the plaintiff:
‘ ‘ DRIVER OF DEATH CAR HEADS INDICTMENT LIST
“ Little Valley — An Eldred man, driver of a car involved in a fatal accident in Olean, Jan. 23, was indicted on a charge of criminal negligence in the operation of the car in one of 19 indictments handed down by the Cattaraugus County Grand Jury, Monday afternoon.
‘ ‘ James Rouse, 29, will be among those facing arraignment in County Court, April 4. He was operator of a car which struck one driven by Miss Bessie Frost, 19, Franklinville, who was instantly killed.”
For the second cause of action, the plaintiff alleges that on or about April 5, 1960, the defendant maliciously published the following:
‘' TRIAL DATE SET FOR DRIVER OF DEATH CAR
“ Little Valley — Trial of James Rouse, 29, Eldred, indicted for criminal negligence in an Clean fatality, has been set for April 25 in Cattaraugus County Court. Mr. Rouse was the operator of a car which killed the young driver of a second car, Miss Bessie Frost, 19, Franklinville, January 23.”
The plaintiff in each cause of action alleges that the articles were not fair and true reports and that they were false, malicious and defamatory. No special damages are alleged.
The defendant interposed an answer which, in addition to denying various allegations of the complaint, sets forth that the actions complained of were fair and true reports of judicial and official proceedings published without malice.
The defendant under section 322 of the Civil Practice Act served a notice to admit. Pursuant thereto the plaintiff has admitted the following:
1. That heretofore and on or about the 28th day of March 1960, the Grand Jury of Cattaraugus County indicted the plaintiff on the charge of criminal negligence in the operation of a motor vehicle, which indictment allegedly grew out of an automobile accident occurring in the City of Olean, New York, on or about January 23, 1960.
2. That a term of County Court for the County of Cattaraugus was appointed to be held on the 4th day of April, 1960.
*283 3. That the plaintiff was arraigned at the aforesaid term of County Court on the aforesaid indictment found by said Grand Jury.
4. That on or about the 4th day of April, 1960, the County Court of the County of Cattaraugus fixed April 25, 1960 as the date for trial of the plaintiff of the aforesaid indictment of the plaintiff.
5. That Dessie Frost formerly of Franklinville, New York, died on or about the 23rd day of January, 1960 as a result of bodily injuries sustained in a collision in the City of Olean, New York, between an automobile operated by the plaintiff and an automobile operated by the said Dessie Frost.
The plaintiff under section 322 of the Civil Practice Act also served a notice to admit. Pursuant thereto.the defendant has admitted that it is a domestic corporation and owns the Olean Times Herald. Defendant further admitted that a motion was made July 5, 1960, to dismiss an indictment charging the plaintiff herein with criminal negligence on the grounds the evidence on which the indictment was based was insufficient in law and that the indictment was dismissed July 27, 1960.
The defendant has moved for judgment on the pleadings under rule 112 of the Rules of Civil Practice. It claims that the publications were fair and true reports and headings thereon of judicial proceedings and as such were not libelous under section 337 of the Civil Practice Act. This motion tests the sufficiency of the complaint. The answer may not be considered. The sole inquiry relates to the sufficiency of the complaint because defenses contained in the answer are deemed controverted under section 243 of the Civil Practice Act. (Stevenson v. News Syndicate Co., 302 N. Y. 81 [1950]; Shapiro v. Town of Thompson, 6 A D 2d 608 [1958, 3d Dept.].)
On a motion such as this not only every fair intendment and fair inference is in favor of the complaint (Harrison v. Winchell, 207 Misc. 275 [1955]), but the court must sustain the plaintiff’s cause of action if possible. However, the plaintiff’s and defendant’s admissions may be considered. (Civ. Prac. Act, § 476.)
It is readily apparent that plaintiff herein, having alleged no special damages, relies on each article being libelous per se.
We shall now proceed to consider separately each cause of action set forth in the complaint.
Since no special damages are alleged, the test to be applied is whether the article of March 29, 1960, may have defamatory import (Balabanoff v. Hearst Cons. Pubs., 294 N. Y. 351 [1945]).
*284 The plaintiff claims that it may have, since he was referred to as the “ driver of death car In determining whether or not there may have been defamatory import we do not consider the headline alone or any one part of the article but we must examine and consider the whole. (Tracy v. Newsday, Inc., 5 N Y 2d 134 [1959]; Julian v. American Business Consultants, 2 N Y 2d 1 [1956].)
In order to be actionable without special damages, it must expose the plaintiff to hatred, contempt, aversion or create an evil opinion of him in the minds of a substantial number of the community (Mencher v. Chesley, 297 N. Y. 94 [1947]; Nichols v. Item Publishers, 309 N. Y. 596 [1956]).
While the article plaintiff complains of may have caused him to be held in hatred, contempt, aversion or to cause people to have an unsavory opinion of him, the defendant was well within its rights in publishing the article.
As appears from plaintiff’s admissions, he was in fact indicted and defendant’s story concerning his indictment was a fair and true report of a judicial proceeding. As such it was privileged.
Plaintiff’s first cause of action is dismissed.
The plaintiff’s second cause of action is based on the article of April 5,1960. The plaintiff complains of being referred to as “ driver of death car ” and “ the operator of a car which killed the young driver of a second car ”.
So far as the use of “driver of death car” is concerned we feel that we have disposed of that in our discussion of the first cause of action. It was a fair and true report of a judicial proceeding (Stevenson v. News Syndicate Co., 302 N. Y. 81, supra).
However, the use of the words “ the operator of a car which killed the young driver of a second car ” presents a different problem. It is well established that if the publication of the words is susceptible to defamatory meaning, that is sufficient. For the purpose of this motion, it is not the court’s duty or right to decide whether the words were susceptible of such a meaning but only whether they might be. If they are susceptible to a defamatory meaning, then the plaintiff is entitled to have a jury decide if they were likely to be understood in such a way by the average reader. (Fischer v. Post-Standard Co., 14 A D 2d 130 [1961]; Sanderson v. Caldwell, 45 N. Y. 398 [1871]; Mencher v. Chesley, supra.) (See, also, Harrison v. Winchell, 207 Misc. 275, supra.)
The use of the words “ the operator of a car which killed the young driver of a second car ’’may be understood by the average reader as defamatory. Maybe, the plaintiff’s car did kill the *285 young driver of a second car. If that is so a publication concerning it would not be libelous. However, there is nothing before me in the record of this motion to show that such is so. The closest to it is plaintiff’s admission that Bessie Frost died as a result of a collision between his car and another car. Which car or what circumstances killed her I do not know. That will have to be resolved by a subsequent motion or trial. The second cause of action shall stand. Submit order, without costs.