■ JACOB LEVENTHAL, Respondent, v. FRANCES LEVENTHAL, Appellants, et al., Defendant.— In an action by a husband to set aside, on the ground of fraud, a deed to certain real property made by him to his wife (the defendant) and to himself as tenants by the entirety, the defendant wife appeals from a judgment of the Supreme Court, Queens County, entered November 2, 1961 upon the written decision of the court after a nonjury trial, in favor of the plaintiff: (1) declaring, *inter alia,* that said deed is void and directing its cancellation; and (2) dismissing her counterclaim to impress a trust on said property for her expenditures in connection therewith. Judgment affirmed, with costs. No opinion. Ughetta, Acting P. J., Kleinfeld, Hill, Rabin and Hopkins, JJ., concur.

■ DAVID LIDSKY et al., Appellants, v. IRVING KLEIN et al., Defendants, and IDA ABRAHAMS, Respondent.— In an action to declare fraudulent and void as to the plaintiffs a judgment which the defendant Ida Abrahams had obtained against the defendants Klein, and to vacate and set it aside to the extent necessary to satisfy the plaintiffs' judgment against the said Kleins, and for other relief, the plaintiffs appeal: (a) from an order of the Supreme Court, Queens County, dated January 6, 1961, which granted the motion of the defendant Abrahams for summary judgment dismissing the complaint, and which severed the action, as against her; and (b) from the judgment in her favor, entered March 3, 1961, on said order. Order and judgment affirmed, with one bill of $10 costs and disbursements. No issue was raised in the papers on appeal as to the defendant Abrahams' inadvertent failure, in her answer, to deny the allegations of paragraph twelfth of the complaint; nor does it appear that said failure to deny was raised as an issue at Special Term. Apparently, at Special Term, the issues were submitted on the facts shown in the affidavits and in the exhibits. When motions are involved and where "all parties to a litigation choose to do so, they may to a large extent chart their own procedural course through the courts" (*Stevenson* v. *News Syndicate Co.*, 302 N. Y. 81, 87). Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur.