Joseph Life, J.
This is an action for separation in which the plaintiff wife has filed a lis pendens against the property owned solely by the defendant. The plaintiff also recorded an instrument entitled ‘ ‘ Declaration of Intention. ’ ’ The defendant moves to cancel both such instruments.
The declaration of intention recites: £ ‘ It is hereby declared that it is the intention of Walter F. Pape and Margaret Pape, his wife, as evidenced and shown in an Agreement between (them) — wherein it was agreed that the following property known as: (description) — was not to be sold, transferred or in any way encumbered until the marital problems of (parties) —were solved; and that said Walter F. Pape is to hold said *269 above described property in trust under the terms of said agreement.”
Section 329 of the Beal Property Law affords an owner of real property a cause of action to cancel instruments improperly recorded (Newpar Estates v. Barilla, 4 A D 2d 186, motion for leave to appeal granted 4 A D 2d 830; Sobel v. Wolf, 216 N. Y. S. 2d 132). There is no reason, however, why the court may not entertain this motion for cancellation since the parties have chosen to submit the question in this manner (Stevenson v. News Syndicate Co., 302 N. Y. 81, 87).
It does not appear that the agreement referred to in the ‘ ‘ Declaration of Intention ’ ’ was recorded; it has not been submitted to the court; and is not made part of the declaration itself except by reference. This instrument, moreover, was executed solely by the plaintiff, and is neither subscribed nor acknowledged by the owner of the property (Beal Property Law, §§ 242, 291, 292). It is not in recordable form, and there is no authority to sustain its recordation. The declaration accordingly cannot serve as a basis of support for the filing of the lis pendens, and the action itself is not one in which a notice of pendency is authorized (Civ. Prac. Act, § 120). The motion must be granted.
The plaintiff’s contention that Mr. Justice Suozzi by his order dated March 27, 1963, sustained the propriety of recording the instrument is untenable. The order itself gives the plaintiff the right to apply for an additional allowance should the defendant succeed in his attempts to evict her from the premises. This clearly demonstrates that the refusal to evict the plaintiff proceeded on the grounds that ejectment was the proper remedy for such proceeding, and there is no indication that the validity of the recording of the declaration was considered. Furthermore, there was no necessity to rule on that question at the time. Motion granted.