■ MARYELLEN REILLY, Respondent-Appellant, v. INSURANCE COMPANY OF NORTH AMERICA, Appellant-Respondent.— Order entered on January 31, 1969, denying plaintiff's motion for summary judgment and defendant's request for summary judgment, affirmed, without costs and without disbursements, and the plaintiff is directed to serve a complaint in this action, which shall thereafter proceed in the regular manner. This determination is without prejudice to a motion for judgment under CPLR 3212 after issue is joined herein. We believe that this action to recover the sum of $1,848.17, allegedly due under a group accident insurance policy, in view of the factual situation presented, was improperly commenced by service of a notice of motion for summary judgment, pursuant to CPLR 3213. The impropriety of the utilization of that section is demonstrated by the fact that, involved herein, is the interpretation of terms contained in the subject policy and undecided questions of fact. The defendant, however, did not object to the procedure used by plaintiff, and, in fact, sought similar relief itself. It requested summary judgment. It did this even though CPLR 3213 does not provide for awarding summary judgment to a defendant. Plaintiff did not object to defendant's request on this procedural ground. In short, these parties have, by their actions, chosen the procedure which they seek to follow. "Where, * * * all parties to a litigation choose to do so, they may to a large extent chart their own procedural course through the courts". (*Stevenson* v. *News Syndicate Co.*, 302 N. Y. 81, 87.) Having followed this unorthodox procedure, both parties have failed to present to this court affidavits containing evidentiary matter sufficient to enable the court to grant summary relief. The question raised by the contention of the parties involves a determination of whether the unmodified term "Dollars", as used in the policy, refers to Canadian or United States currency. The defendant is concededly a Pennsylvania insurance company, with its home office in Philadelphia, Pa., and offices in Canada. It issued an employee group accident policy to Fraser Companies Limited and/or Fraser Paper Limited, Edmundston, New Brunswick, as policy holder. This policy covered citizens of the United States who lived and worked in New York, for a New York corporation which was wholly owned by the Canadian assured. The plaintiff is the widow and beneficiary of Gerard T. Reilly, a person covered under the above group policy. The deceased was an American citizen, who lived, worked and died in the State of New York. The plaintiff has asserted that the deceased was paid in American money and that the premiums for the policy in question were deducted from his salary and paid in American money. It is noted that the original policy is entitled "INSURANCE COMPANY OF NORTH AMERICA, Philadelphia, Pennsylvania". The certificate issued thereunder for the benefit of the deceased, Gerard T. Reilly, is entitled "INSURANCE COMPANY OF NORTH AMERICA, Toronto, Canada". An examination of the conditions in both the original policy and the certificate issued thereunder discloses references to the United States of America and to Canada. For example, in the certificate of insurance, under the heading "PROVISIONS AND STATUTORY CONDITIONS", the language used concerning NOTICE AND PROOF OF CLAIM refers to "Head Office or Chief Agency of the Company in the *province*". (Emphasis added.) In the paragraph entitled LEGAL ACTIONS, it sets forth, amongst other things, that "No such action shall be brought after the expiration of three years (permitted by law in the *State* where the insured resides)". (Emphasis added.) Special Term held that "it does not appear * * * where the policy was delivered or whether the number of dollars paid in premiums was calculated on the basis of United States or Canadian currency". These are important questions, the answers to which cannot be definitely found in the

papers submitted. It is important to note that the affidavit of the defendant in opposition to the plaintiff's motion is executed by one, Norman Spears, who describes himself as the Group Superintendent of defendant and who makes clear that he submits his affidavit based upon records which are under his supervision and to which he has access. He claims no personal knowledge of the transaction. He admits that the company which employed the deceased is a New York corporation, owned by the Canadian company. Based upon records he makes the bald assertion that the policy was negotiated by defendant's Canadian office and, at page 32 of the record, he says "The application was probably signed in Edmundston" etc. It seems to us that the one to execute the affidavit on behalf of the defendant should have been someone who had a hand in the actual negotiation of this policy, who would be in a position to tell us where the negotiations took place, with whom they were conducted, the circumstances surrounding the transaction and to whom and where the policy was delivered. Mr. Spears, although without any personal knowledge of his own, asserts that the policy "was to be paid for in Canadian currency and to be paid off by defendant in Canadian currency". That, however, is begging the question. How does he know? At best it is a denial, based on his interpretation of the records, of the sworn assertion made by the plaintiff that the premiums were paid in American dollars. Should this not have been established by the defendant through persons who had personal knowledge of the transaction and manner in which premiums were received in payment? Is there any reason why the defendant could not have obtained an affidavit from the assured showing that the premiums were actually paid in Canadian dollars, so as to disprove the sworn assertion of the plaintiff-widow? Of equal importance is the fact that Mr. Spears, who had "direct supervision" of the records and who had "access to them" and who states further that "The defendant * * * calculated the premium to be paid in Canadian currency * * * [and] premiums were paid in Canada, with Canadian currency", has failed to submit a single record to substantiate his statements. Under all the circumstances in this case we are convinced that neither party is entitled to summary judgment. Concur — Eager, J. P., Capozzoli and Nunez, JJ.; Tilzer and Steuer, JJ., dissent in the following memorandum by Steuer, J.: We are in accord that the procedure taken, being acquiesced in by all parties and not now objected to, must be accorded recognition in the case (*Stevenson* v. *News Syndicate Co.*, 302 N. Y. 81). Under these circumstances we treat the applications as a motion and cross motion for summary judgment with the affidavits serving both as pleadings and supporting the evidentiary contentions of the parties. In this view it is neither necessary to determine nor proper to discuss the validity of the procedure adopted and we do not pass upon it. Plaintiff is the beneficiary of her husband under a group insurance policy issued by defendant. There is no question of her right to recover the benefits therein provided, and to the extent indicated she has been paid. That payment amounted to $23,151.83, which was the equivalent of 25,000 Canadian dollars in American currency. Suit is for the difference, namely, $1,848.17. The facts, as both parties insist, are not in issue. The deceased was a New York resident who was employed here by a New York corporation which was a wholly owned subsidiary of Fraser Companies, Ltd., a Canadian corporation. The policy in suit was taken out by the parent Canadian company. Negotiations for it were conducted by mail between the Canadian company in Edmunston, New Brunswick, and brokers in Montreal, Quebec, and issued by the insurance company from its Montreal office. Premiums were paid by Fraser Companies, Ltd. in Canadian dollars.

The defendant is incorporated in the United States with its home office in Philadelphia. It is licensed to do business in Canada where it maintains three offices. Policies issued in Canada differ somewhat in form from those issued in the United States, to accord with Canadian laws. This policy was on the Canadian form. The deceased was issued a certificate which designated the office of the company as Toronto. As the premium on the policy was paid and payable by Fraser Companies, Ltd., the certificate issued to the deceased makes no provision for premiums. However, it appears that he did make payments by way of salary deductions to his employer. These deductions were, as was his salary, in American dollars, but on what basis does not appear. In any event, this was an arrangement between the deceased and his employer and can have no effect on the contract between the defendant company and Fraser Companies, Ltd. The sole issue is whether the word " dollars " wherever it is used in the policy means American or Canadian dollars. Naturally this issue is to be resolved by what was the express intention of the parties to the contract. Plaintiff makes no attempt to establish this. On the contrary, plaintiff's argument is based on the tort rule of the most significant contacts. It cannot be subject to dispute that where a Canadian national applies for and receives a policy in Canada and pays the premium called for by the policy in Canadian currency, in the absence of a contrary provision in the policy he expects to be paid in that same currency. Neither Special Term nor the dissenters can or do dispute this. The only objection is that the facts were not sufficiently proved. Actually all the relevant facts appear from the records of the defendant. It is true that the individuals who actually negotiated the policy and paid and received the premiums do not testify. This is not necessary. No matter how much proof is tendered it is always subject to cavil that additional proof could have been submitted. The proof here was ample and no suggestion of its being controverted is offered. The order entered January 31, 1969, should be modified on the law to grant summary judgment to the defendant, and as so modified affirmed without costs.