■ In the Matter of JOHN J. ALBANO, Respondent, v. JAMES E. KIRBY, as Commissioner of Suffolk County Department of Social Services, et al., Appellants. — In a proceeding pursuant to article 78 of the CPLR to review a determination terminating petitioner's employment as a probationary investigator for the Suffolk County Department of Social Services, the appeal is from an order (treated here as a judgment) of the Supreme Court, Nassau County, entered September 22, 1972, which denied appellants' motion to dismiss the petition upon an objection in point of law (CPLR 7804, subd. [f]). A subsequent judgment of the same court, entered October 18, 1972, which, *inter alia,* directed petitioner's reinstatement and payment to him of salary from the date of his dismissal, is not before us for review. So far as appears, no appeal has been taken therefrom. We have treated this appeal as one from a judgment in favor of petitioner (CPLR 7804, subd [e]) and, therefore, the appeal is properly before us. Order (judgment) reversed, on the law, without costs, and motion to dismiss the petition granted. A most unusual course was followed by the litigants in this proceeding. Essentially the issue is a simple one. Petitioner was hired by the Suffolk County Department of Social Services in January, 1971 and discharged on May 7, 1971. His employment was governed by rule XVII promulgated by the Suffolk County Civil Service Commissioner, entitled "Probationary Term". It states in pertinent part: "(a) Except as herein otherwise provided, every permanent appointment from an open competitive list except appointments to the position of police patrolman and every original appointment to a position in a non-competitive, exempt or labor class shall be for a probationary term of not less than eight nor more than twenty-six weeks * * * (c) An appointment shall become permanent upon the completion of the minimum period of probation unless the probationer, prior to the completion of such service, is given written notice by the appointing officer by mailing same to petitioner at least two business days prior to completion of probationary term, that the

probationary term will be continued. A copy of such notice shall be sent at the same time to the personnel officer. If the probationary term is so continued, the appointment shall become permanent upon the retention of the probationer after his completion of the maximum period of service or upon earlier notice to the probationer at any time after the completion of the minimum period of service that his probationary term is successfully completed. If the conduct or the performance of the probationer is not satisfactory, his employment may be terminated any time after his completion of the minimum period of service and on or before the completion of the maximum period of service." Relying upon this rule, petitioner contends that his appointment became permanent at the end of the minimum (eight week) probationary period and that his dismissal four months after starting work was ineffectual. Appellants point to a letter sent by the Director of Administrative Services of the appellant Department of Social Services to petitioner, dated January 18, 1971, in which it was stated: "You have been appointed as an Investigator from List #10–168 as of 1/18/71, subject to a probationary term of twenty-six (26) weeks," which they claim establishes that petitioner was placed on probation for the full 26-week period and that his dismissal in May, 1971, prior thereto, was effective. Shortly after his dismissal, and in June, 1971, petitioner instituted this proceeding, which ultimately resulted in a decision dated November 22, 1971, granting him the relief sought. Apparently, however, no judgment was entered upon this decision and, of course, no appeal was ever taken. Thereafter, in May, 1972, appellants submitted the motion papers now under review, asking for dismissal of the petition and included among those papers a stipulation signed by both parties, acknowledging the November, 1971 decision but, in addition, stating: "The parties hereby jointly resubmit said proceeding to the Court for reconsideration together with the Respondents' motion to dismiss this proceeding pursuant to CPLR Sec. 7804(f). * * * The sole issue is one of law, to wit: whether petitioner secured tenure and the parties hereto both respectively move for summary judgment in regard to that issue." Upon "reconsideration", the order appealed from, dated September 22, 1972, was entered. It denied petitioner's motion to dismiss substantially on the ground that appellants' answer contained general denials and failed to comply with the requirements of CPLR 7804 (subds. [d], [e]). In addition, however, Special Term referred to the stipulation as a "rather novel procedure" and stated: "Nowhere is this practice sanctioned". It concluded with the following: "the motion [to dismiss the petition] is denied and if the stipulation is to be considered an application for reconsideration or to be relieved from the prior decision, on the present papers that application is denied as well." We are of the view that the stipulation was perfectly proper. As was stated in *Matter of New York, Lackawanna & Western R. R. Co.* (98 N . Y. 447, 453), "Parties by their stipulations may in many ways make the law for any legal proceeding to which they are parties, which not only binds them, but which the courts are bound to enforce. They may stipulate away statutory, and even constitutional rights." (See *Matter of Malloy*, 278 N. Y. 429, 433.) Or, as stated in *Stevenson* v. *News Syndicate Co.* (302 N. Y. 81, 87), "Where, however, all parties to a litigation choose to do so, they may to a large extent chart their own procedural course through the courts". What was here done was that the parties put aside all that had transpired in the proceeding in 1971 and any law-of-the-case which may have resulted from that proceeding. They were willing to have the court disregard any procedural defects that might exist in appellants' answer. All they were concerned with was the one question of

law they submitted to the court — whether petitioner had secured tenure. In denying the motion to dismiss, Special Term in effect held that petitioner had secured tenure. We do not agree. Under rule XVII the appointing officer was empowered to fix the length of the probationary term, provided that it be not less than 8 weeks or more than 26 weeks. Here, petitioner was advised that in his case there was to be a flat 26-week period of probation. During that period he could be dismissed at any time, with or without cause. He was dismissed on May 7 — prior to completion of his probationary period. He clearly had not obtained tenure. Munder, Acting P. J., Christ and Brennan, JJ., concur; Martuscello and Shapiro, JJ., dissent and vote to affirm, with the following memorandum: We agree with the procedural disposition outlined in the majority memorandum, but we are of the view that appellants could extend petitioner's period of probation beyond the minimum period only if additional time were required to determine his fitness. In this case the extension to the maximum period was made at the commencement of the probationary term without regard to petitioner's qualifications.